UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| BETTY PETROPOUL, | ) Case No.: |
| PLAINTIFF, | ) COMPLAINT |
| v. | ) Civil Action |
| R.R. DONNELLEY & SONS COMPANY, | ) <u>JURY TRIAL DEMANDED</u> |
| DEFENDANT. | |

## <u>COMPLAINT</u>

1) Plaintiff, BETTY PETROPOUL ("Ms. Petropoul"), by and through her attorney, Richard M. Manzella, complains of and alleges a cause of action as follows:

### <u>NATURE OF THE ACTION</u>

2) This action is brought on behalf of the Plaintiff regarding disability discrimination under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, et seq., and the Illinois Human Rights Act ("IHRA"), 775 ILCS 5/2-101 et seq.

### <u>JURISDICTION AND VENUE</u>

3) Jurisdiction lies in this Court pursuant to 28 U.S.C. § 1343(a)(3) and (4) and 28 U.S.C. § 1331 and supplemental subject matter jurisdiction under 28 U.S.C. § 1367.

## VENUE

4) Venue is proper in this district because the Defendant is located in this district and Plaintiff is a resident of this district and the acts complained of herein arose within this judicial district.

## PROCEDURAL REQUIREMENTS

5) Plaintiff filed a timely Charge of Discrimination against Defendant with the Illinois Department of Human Rights and cross-filed the respective Charges with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff received a Right to Sue letter from the Equal Employment Opportunity Commission on August 22, 2007.

6) All conditions precedent to the filing of suit have been performed or have occurred.

## PARTIES

7) Plaintiff is a resident of Odell, Illinois, located in Livingston County.

8) Plaintiff was employed at Defendant's location in Pontiac, Illinois at the time her cause of action accrued.

9) Plaintiff's employment was terminated by Defendant on or about April 19, 2004, pursuant to the policy of defendant "to terminate a person's employment when a period of continued absence due to illness, injury, or plant accident exceeds the employee's length of service with the company or one year, whichever is less." **Exhibit A**.

10) Defendant, R.R. DONNELLEY & SONS COMPANY (hereafter, "RRD"), is a worldwide commercial printing company with a plant located in Pontiac, Illinois; and RRD distributes, among other items, advertising inserts, telephone directories, financial reports, magazines, labels and textbooks.

11) Defendant is a person within the meaning of 42 U.S.C. Section 2000e(a), and an employer within the meaning of 42 U.S.C. Section 2000e(b).

## FACTUAL HISTORY

12) On June 4, 1973, Plaintiff was hired by W.A. Krueger Co., which was subsequently purchased by Ringier American and then sold to RRD in 1993.

13) Plaintiff worked as a Material Handler in RRD's Pontiac, Illinois bindery.

14) Plaintiff's tasks associated with her work in the bindery required her to regularly load, stack and unload paper.

15) On or about June 27, 2002, Plaintiff notified Defendant's Human Resources Coordinator that she was unable to work for a period of thirty days as a result of the effects of her medical condition of multiple sclerosis ("MS").

16) Plaintiff then presented other work slips to RRD detailing her inability to work as a result of her MS through July 31, 2003.

17) RRD then notified Plaintiff that pursuant to the employer's policy described herein in paragraph nine (9) that Plaintiff's employment would end on July 29, 2003.

18) Discussions between Plaintiff and RRD ensued shortly thereafter and on July 31, 2003, Plaintiff presented a medical work slip to RRD indicating that she could return to work but could not lift over twenty pounds.

19) On or about November 11, 2003, Plaintiff presented a medical work slip to RRD describing restrictions related to her ability to bend, sit, stand and perform elevated work.

20) Beginning from the time Plaintiff first requested time off from work as a result of her MS in 2002 and continuing until her discharge from employment, one or more open and/or available position(s) existed within the Pontiac, Illinois location of RRD or within other work sites of RRD that Plaintiff was qualified to perform with or without an accommodation.

21) RRD failed to engaged in an interactive process with Plaintiff to discuss potential means by which RRD might reasonably accommodate Plaintiff's disability throughout the time period described in paragraph twenty (20) by, among other failures and/or omissions, failing to directly notify Plaintiff of open and/or available positions that she could perform with or without an accommodation and failing to provide a reasonable means by which Plaintiff could learn of these open and/or available positions.

22) Plaintiff did not have reasonable independent means to learn of the open and/or available positions that she was qualified to perform with or without an accommodation during the period described in paragraph twenty (20) above.

COMPLAINT - 4 -

23) Plaintiff would have applied for and been qualified to perform the duties of one or more open and available positions had RRD notified Plaintiff of these positions and/or provided a reasonable means by which Plaintiff could learn of these positions.

24) But for RRD's failure to engage in the interactive process to discuss means by which RRD could reasonably accommodate Plaintiff's disability (handicap), Plaintiff would have returned to work within the one year period as mandated by the Employer's policy as described in paragraph nine (9) and further detailed within Exhibit B.

COMPLAINT AND DEMAND FOR JURY TRIAL

*Count 1: Americans with Disabilities Act –*

*failure to accommodate under 42 U.S.C. § 12112(b)(5)(A)*

25) Plaintiff repeats each of the above paragraphs as if each had been separately alleged within paragraph 25 and incorporates said allegations into Count 1.

26) Defendant RRD has discriminated against Ms. Petropoul, a disabled person, on account of and/or by reason of her disability, multiple sclerosis (hereafter, "MS") in violation of 42 U.S.C. § 12101, et seq., because during all relevant times:

a) Plaintiff was disabled under the statute;

b) Plaintiff was qualified to perform the essential functions of one or more positions with or without an accommodation that became open prior to her discharge from employment by Defendant;

    c) Plaintiff suffered an adverse employment action because of her disability when Defendant failed to engage in collaborate discussions with Plaintiff related to reasonable accommodations and subsequently terminated Ms. Petropoul.

27) RRD discriminated against Plaintiff among other ways, by developing, maintaining and implementing a policy or practice referenced in Exhibit A attached and further described herein in paragraph nine (9) that served to discriminate against individuals with disabilities, including Ms. Petropoul.

WHEREFORE, Plaintiff Petropoul prays that this Court grant the following relief:

a) Enjoin RRD from failing or refusing to:

    i) provide sufficient remedial relief to make whole Ms. Petropoul for the loss she has suffered as a result of the discrimination against her as alleged in this complaint;

    ii) adopt a clear, meaningful, and well- publicized written policy prohibiting disability discrimination against any RRD employee, which includes provisions describing responsibilities of all supervisors to report and respond to complaints of disability discrimination and which establishes an effective mechanism for receiving and responding to complaints of disability discrimination;

    iii) modify its existing disability discrimination policy to include clear, meaningful and well-publicized provisions describing responsibilities of all supervisors to report and respond to complaints of disability

discrimination, and to establish an effective mechanism for receiving and responding to complaints of disability discrimination;

iv) provide adequate training to all RRD employees, and to all RRD management officials responsible for making determinations regarding complaints of disability discrimination, with regard to workplace disability discrimination prohibited by the ADA.

v) take other appropriate nondiscriminatory measures to overcome the effects of the discrimination.

b) Award compensatory damages to Ms. Petropoul for mental and/or physical injuries incurred as a result of the discrimination against her as alleged in this complaint, pursuant to and within the statutory limitations of Section 102 of the Civil Rights Act of 1991, 42 U.S.C. Section 1981a. and/or the ADA. Plaintiff Petropoul prays for such additional relief as justice may require, together with attorneys' fees, its costs and disbursements in this action.

*Count 2: Americans with Disabilities Act – disparate treatment*

28) Plaintiff repeats paragraphs 1 – 24 as if each had been separately alleged within paragraph 28 and incorporates said allegations into Count 2.

29) Defendant RRD has discriminated against Ms. Petropoul, a disabled person, on account of and/or by reason of her disability, multiple sclerosis (hereafter, "MS") in violation of 42 U.S.C. § 12101, et seq., because during all relevant times:

a) Plaintiff was disabled under the statute;

b) Plaintiff was qualified to perform the essential functions of one or more positions with or without an accommodation that became open prior to her discharge from employment by Defendant;

c) Plaintiff suffered an adverse employment action because of her disability when Defendant treated non-disabled individuals more preferentially as it pertained to its policy or practice referenced in Exhibit A attached and further described herein in paragraph nine (9) as implemented such policy that served to discriminate against individuals with disabilities, including Ms. Petropoul.

WHEREFORE, Plaintiff Petropoul prays that this Court grant the following relief:

a) Enjoin RRD from failing or refusing to:

i) provide sufficient remedial relief to make whole Ms. Petropoul for the loss she has suffered as a result of the discrimination against her as alleged in this complaint;

ii) modify its existing disability discrimination policy to include clear, meaningful and well-publicized provisions describing responsibilities of all supervisors to report and respond to complaints of disability discrimination, and to establish an effective mechanism for receiving and responding to complaints of disability discrimination;

iii) take other appropriate nondiscriminatory measures to overcome the effects of the discrimination.

b) Award compensatory damages to Ms. Petropoul for mental and/or physical injuries incurred as a result of the discrimination against her as alleged in this complaint, pursuant to and within the statutory limitations of Section 102 of the Civil Rights Act of 1991, 42 U.S.C. Section 1981a. and/or the ADA. Plaintiff Petropoul prays for such additional relief as justice may require, together with attorneys' fees, its costs and disbursements in this action.

*Count 3: Illinois Human Rights – failure to accommodate*

30) Plaintiff repeats paragraphs 1- 24 as if each had been separately alleged within paragraph 30 and incorporates said allegations into Count 3.

31) Defendant RRD has discriminated against Ms. Petropoul, a handicapped person, on account of and/or by reason of her handicap, multiple sclerosis, in violation of 775 ILCS 5/2-101 et seq., because during all relevant times:

a) Plaintiff was handicapped under the statute;

b) Plaintiff was qualified to perform the essential functions of one or more positions with or without an accommodation that became open prior to her discharge from employment by Defendant;

c) Plaintiff suffered an adverse employment action because of her handicap when Defendant failed to engage in collaborate discussions with Plaintiff related to reasonable accommodations and subsequently terminated Ms. Petropoul.

32) RRD discriminated against Plaintiff among other ways, by developing, maintaining and implementing a policy or practice referenced in Exhibit A

attached and further described herein in paragraph nine (9) that served to discriminate against individuals with handicaps, including Ms. Petropoul.

WHEREFORE, Plaintiff Petropoul prays that this Court grant the following relief:

a) Enjoin RRD from failing or refusing to:

   i) provide sufficient remedial relief to make whole Ms. Petropoul for the loss she has suffered as a result of the discrimination against her as alleged in this complaint;

   ii) adopt a clear, meaningful, and well- publicized written policy prohibiting handicap discrimination against any RRD employee, which includes provisions describing responsibilities of all supervisors to report and respond to complaints of handicap discrimination and which establishes an effective mechanism for receiving and responding to complaints of handicap discrimination;

   iii) modify its existing handicap discrimination policy to include clear, meaningful and well-publicized provisions describing responsibilities of all supervisors to report and respond to complaints of handicap discrimination, and to establish an effective mechanism for receiving and responding to complaints of handicap discrimination;

   iv) provide adequate training to all RRD employees, and to all RRD management officials responsible for making determinations regarding complaints of handicap discrimination, with regard to workplace handicap discrimination prohibited by the IHRA.

    v) take other appropriate nondiscriminatory measures to overcome the effects of the discrimination.

b) Award compensatory damages to Ms. Petropoul for mental and/or physical injuries incurred as a result of the discrimination against her as alleged in this complaint, pursuant to and within the statutory limitations of the IHRA. Plaintiff Petropoul prays for such additional relief as justice may require, together with attorneys' fees, its costs and disbursements in this action.

### JURY DEMAND

12) The Plaintiff hereby demands a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. Section 1981a.

Dated this 20th day of November, 2007,

s/ Richard M. Manzella
Richard M. Manzella
Attorney # 6257568

Law Office of Richard M. Manzella
117 North Center Street
Bloomington, Illinois  61701
Phone (309) 829-7424
Fax    (815) 366-4800

www.rrdonnelley.com

1600 North Main
Pontiac, IL 61764

**EXHIBIT A**

<u>**VIA CERTIFIED MAIL**</u>

March 11, 2004

Ms. Betty Petropoul
205 North Wolf St.
Odell, IL 60460

Dear Betty

It is the policy of the company to terminate a person's employment when a period of continuous absence due to illness, injury, or plant accident exceeds the employee's length of service with the company or one year, whichever is less. In your case, your absence began on June 28, 2002, and exceeded one year on June 29, 2003. Consequently, your employment with RR Donnelley will end on April 19, 2004.

The medical and dental coverage for which you are currently enrolled will continue through the end of April. Other important information regarding benefit options available to you and your family as a result of your separation will be mailed to you by the Benefits Information Center (BIC). Please watch for this information, and **contact the BIC at 1-800-877-8700 if you have not received it within the two weeks following your separation date.**

We wish you the best in your future endeavors, Betty. If you have any questions, please call Cherry Slaton, at 844-1492, or me at 844-1732.

Sincerely,

*Julie Lieberman*
Julie Lieberman
Human Resources Manager

ATTN: Rich

cc:   C. Slaton

**RR DONNELLEY**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

DEFENDANTS

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known)

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☐ 3  Federal Question
(U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☐ 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                                      and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN   (Place an "X" in One Box Only)

☐ 1 Original Proceeding      ☐ 2 Removed from State Court      ☐ 3 Remanded from Appellate Court      ☐ 4 Reinstated or Reopened      ☐ 5 Transferred from another district (specify)      ☐ 6 Multidistrict Litigation      ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing  (**Do not cite jurisdictional statutes unless diversity**):

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☐ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE _____  SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.**     **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**    **Jurisdiction**. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.**   **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**    **Nature of Suit**. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.**     **Origin**. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.**    **Cause of Action**. Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity**.     Example:     U.S. Civil Statute: 47 USC 553
                                                                                          Brief Description: Unauthorized reception of cable service

**VII.**   **Requested in Complaint**. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**  **Related Cases**. This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature**. Date and sign the civil cover sheet.