E-FILED
Thursday, 31 January, 2008  11:14:11 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| BETTY PETROPOUL, <br><br>         PLAINTIFF, <br><br>    v. <br><br> R.R. DONNELLEY & SONS COMPANY, <br><br>         DEFENDANT. | Case No.: 07-CV-1314 <br><br> Civil Action <br><br> <u>JURY TRIAL DEMANDED</u> |

### MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT PURSUANT TO FED. R. CIV. P. 55

By and through her attorney of record, BETTY PETROPOUL, Plaintiff, moves this Court for an Order of Default Judgment against Defendant, R.R. DONNELLEY & SONS COMPANY, and in further support of its motion state the following:

1. Defendant has failed to appear or otherwise plead subsequent to service of the complaint and summons on January 9, 2008. (Ex. 1; Pl.'s Mot. for Default)

2. Pursuant to the Federal Rules of Civil Procedure a Court may enter an order of default subsequent to Defendant's untimely filing of an answer or failure to otherwise plead.  The rule provides, in relevant part, as follows:

    **Rule 55. Default**

    (a) Entering a Default. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

> (b) Entering a Default Judgment.
>
> (1) By the Clerk. If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk--on the plaintiff's request, with an affidavit showing the amount due--must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.
>
> (2) By the Court. In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 3 days before the hearing. The court may conduct hearings or make referrals--preserving any federal statutory right to a jury trial--when, to enter or effectuate judgment, it needs to:
>
> (A) conduct an accounting;
>
> (B) determine the amount of damages;
>
> (C) establish the truth of any allegation by evidence; or
>
> (D) investigate any other matter.
> …

FED. R. CIV. P. 55 (West 2008).

3. In *Zuelzke Tool & Engineering Co., Inc. v. Anderson Die Castings, Inc.*, 925 F.2d 226, 229 (7th Cir.1991), the United States District Court for the Eastern District of Wisconsin, after finding that the complaint and summons had been served on defendant and that no answer or responsive pleading had been filed within the time required by applicable rules, the court directed that a default judgment be

entered in favor of defendant. In *Zuelzke*, Plaintiff's motion for default was served less than one week following the expiration of defendant's time to plead and the Court entered judgment against the defendant approximately five weeks later.

4. *Zuelzke* involved a specific monetary damage prayer based on work the plaintiff had previously performed for defendant. In the case at bar, Ms. Petropoul's damages are in the nature of lost pay and benefits (damages that continue to accrue), other compensatory damages including emotional distress proximately flowing from defendant/employer's wrongful acts, and other damages as detailed in Plaintiff's complaint including attorneys' fees and costs upon a judgment in her favor as provided by statute.

5. For the reasons described in paragraph four, Plaintiff Petropoul seeks an application by this Court for a default judgment and, as further provided by FED. R. CIV. P. 55 2(b), a hearing to determine the amount of damages sustained.

**WHEREFORE**, for all of the foregoing reasons, Plaintiff requests that this Court enter an Order of Default in this matter and set the matter for hearing to determine the amount of damages proximately resulting from Plaintiff's failure to accommodate and disparate treatment claim against Defendant relating to Plaintiff's disability/handicap that further resulted in Plaintiff's termination and

Order such further monetary and/or equitable relief as this Court determines is necessary to make Plaintiff whole for the acts of Defendant.

Dated this 31st day of January, 2008,

s/ Richard M. Manzella
Richard M. Manzella
Attorney # 6257568

Law Office of Richard M. Manzella
117 North Center Street
Bloomington, Illinois  61701
Phone (309) 829-7424
Fax    (815) 366-4800