**E-FILED**
Wednesday, 07 May, 2008  04:26:19 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

BETTY PETROPOUL,

        Plaintiff,

v.

R.R. DONNELLEY & SONS COMPANY,

        Defendant.

No. 07-CV-1314

## DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS
## MOTION TO SET ASIDE ORDER OF DEFAULT

**A.**    **Facts**

1.    On or about November 20, 2007, Plaintiff in the above, through her counsel, electronically filed a Complaint with this Court.

2.    Service was not made on Defendant's registered agent, CT Corporation System, even though the summons (Exhibit A) clearly states its address:

    CT Corporation System, registered agent
    Address  208 SO LASALLE ST, SUITE 814
    Chicago, IL 60604

3.    Instead, service was made on Carole Gulo, the Human Resources Manager at Defendant's Pontiac, Illinois facility (Exhibit B), who was recently hired and relatively inexperienced with Defendant's practices and policies.  (Gulo Aff. ¶¶ 1-2, 6.)[1]  Ms. Gulo did not forward the document to Defendant's legal department in accordance with established procedures, requiring that all legal documents including complaints be faxed immediately to the legal department.  (Gulo Aff. ¶ 6, Ex. 1).

4.    Plaintiff's counsel also failed to notify Defendant's counsel of the Complaint even

---

[1] The Affidavit of Carole Gulo is attached hereto as Exhibit C.

though they had represented Defendant in another matter with Plaintiff's counsel.  (Exhibit D.)

5.     As a result, Defendant never had knowledge of the Complaint.

6.     Plaintiff's Motion for Default Judgment Pursuant to Fed. R. Civ. P. 55 ("Motion") and accompanying memorandum of law were never served on the Defendant or its registered agent or counsel.  Instead, Plaintiff only filed the motion and brief with the Court electronically. (Exhibit E.)

7.     Accordingly, Defendant had no notice of Plaintiff's Motion at any time.

8.     On April 25, 2008, the Court granted Plaintiff's Motion, and a default was entered against Defendant.

9.     The only notice Defendant had of the Motion and the Court Order granting default was when it received the Order dated April 25, 2008 through its registered agent, as directed by the Court's Order.  (Exhibit F.)

10.     Defendant's legal department first learned of the Court's April 25, 2008 Order of default on May 2, 2008.  That same day, Defendant's legal department contacted outside counsel and requested that it represent Defendant with regard to this motion to set aside Order of default.

11.     Therefore, for the reasons set forth below, the Court should set aside the Order of default dated April 25, 2008 and allow Defendant 20 days to answer or otherwise plead.

**B.     Applicable Law**

12.     To prevail on a motion to set aside an order of default under Rule 55(c), a party must show: (1) good cause for the default; (2) quick action to correct the default; and (3) the existence of a meritorious defense to the original action.  *Pretzel & Stouffer v. Imperial Adjusters, Inc.*, 28 F.3d 42, 45 (7th Cir. 1994); *see also Hamilton v. Ill. Central R.R. Co.*, No. 07-0383-DRH, 2008 WL 78784, at *3 (S.D. Ill. Jan. 7, 2008) ("in the absence of a showing of willfulness, courts in the Seventh Circuit are more likely than not to set aside a default or even

vacate a default judgment").

13.     Here, Plaintiff did not serve Defendant's registered agent or counsel with the Complaint, but rather a recently hired Human Resources employee who was unaware of Defendant's policy regarding receipt of legal complaints.  (Gulo Aff. ¶¶ 1-2, 6.)  Ms. Gulo arranged for the Complaint to be mailed to Defendant's legal department.  (Gulo Aff. ¶ 5.)  It evidently was never received.  This is the very type of excusable neglect contemplated by Rule 55(c).  *Hamilton*, 2008 WL 78784, at *5 (defendant's employee's mistake in faxing complaint to wrong number rather than outside counsel's was "good cause" for the default where it was the result of "inadvertence, misunderstanding and mis-communication"); *see also Knight v. Shah*, No. 07-cv-127-DRH, 2008 WL 320529, at *2 (S.D. Ill. Feb. 4, 2008) (defendant state employees' ignorance of procedural steps necessary to obtain representation from Attorney General justified setting aside order of default).

14.     There is no evidence that Defendant's default was willful or the result of gross negligence.  *Hamilton*, 2008 WL 78794, at *5.

15.     Defendant also satisfies the second prong of the Rule 55(c) test for setting aside an order of default.  When Defendant's legal department learned of the Court's default order on May 2, 2008, it promptly forwarded the Order to outside counsel, who filed this motion, no more than five (5) days after the Company received the Order.  This is the type of "quick action" contemplated by the courts, and such a delay is not unreasonable.  *Hamilton*, 2008 WL 78784, at *5 (filing of motion to set aside default order six (6) weeks after order was entered satisfied "quickness" prong); *see also Knight*, 2008 WL 320529, at *2 (filing of motion to set aside default order eight (8) days after notice of default was sufficiently quick).

16.     Further, Plaintiff has not been prejudiced because she, *inter alia*, seeks money

damages and can recover for any delay resulting from Defendant's inadvertent failure to answer. (Complaint, *ad damnum* clauses pp. 7-8, 11).

17.     Lastly, Defendant has a meritorious defense to the Federal and Illinois state disability claims in Plaintiff's Complaint. *Jones v. Phipps*, 39 F.3d 158, 165 (7th Cir. 1994) (a "meritorious defense is not necessarily a winning one but it is one which is 'supported by a developed legal and factual basis.'"). Here, Plaintiff could not be reasonably accommodated because, at the time of her termination, her multiple sclerosis, a chronic and degenerative condition, prevented her from performing the essential functions of her position. Defendant nevertheless entered into the interactive process with Plaintiff and accommodated her by postponing her termination and extending her health and life insurance and other related benefits for more than eight (8) months after her employment should have ended under Defendant's Leave of Absence Policy. This certainly qualifies as a meritorious defense at this stage of the litigation.

18.     Defendant acknowledges that it is wholly within this Court's discretion whether to set aside the above Order of default.

R.R. DONNELLEY & SONS COMPANY


By:  s/ Richard H. Schnadig
                One of Its Attorneys

- 4 -

Richard H. Schnadig, Bar No. 02495384
Joseph K. Mulherin, Bar No. 06278092
Vedder Price P.C.
222 North LaSalle Street
Suite 2600
Chicago, IL  60601-1003
(312) 609-7500
Dated: May 7, 2008

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing DEFENDANT'S

MEMORANDUM IN SUPPORT OF ITS MOTION TO SET ASIDE ORDER OF DEFAULT

was electronically filed and served on:

Richard M. Manzella
Law Office of Richard M. Manzella
117 North Center Street
Bloomington, Illinois 61701

by ELECTRONIC MAIL and by depositing a copy of same in the U.S. mail, first-class postage

prepaid, at 222 North LaSalle Street, Suite 2600, Chicago, Illinois  60601-1003 by 5:00 p.m. on

May 7, 2008.

s/ Richard H. Schnadig

_____
Richard H. Schnadig

# EXHIBIT A

## TO

## DEFENDANT'S MEMORANDUM
## IN SUPPORT OF ITS MOTION
## TO SET ASIDE ORDER OF DEFAULT

AO 440 (Rev. 8/01) Summons in a Civil Action



# UNITED STATES DISTRICT COURT

_____ Central _____   District of   _____ Peoria _____

BETTY PETROPOUL, PLAINTIFF

V.

R.R. DONNELLEY & SONS COMPANY,
DEFENDANT.

### SUMMONS IN A CIVIL ACTION

CASE NUMBER:   07-CV-1314

TO: (Name and address of Defendant)

C T CORPORATION SYSTEM, registered agent
Address  208 SO LASALLE ST, SUITE 814
Chicago, IL 60604

RRD
1600 N. Main St.
Pontiac, IL 61764

YOU ARE HEREBY SUMMONED and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Law Office of Richard M. Manzella
117 North Center
Bloomington, IL  61701

(309) 829-7424

an answer to the complaint which is served on you with this summons, within _____ 20 _____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.

John M. Wates

CLERK

S. Manuel

(By) DEPUTY CLERK

12/12/2007

DATE

**E-FILED**
Tuesday, 20 November, 2007  04:59:23 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| BETTY PETROPOUL, | Case No.: |
| PLAINTIFF, | COMPLAINT |
| v. | Civil Action |
| R.R. DONNELLEY & SONS | |
| COMPANY, | JURY TRIAL |
| DEFENDANT. | DEMANDED |

## COMPLAINT

1) Plaintiff, BETTY PETROPOUL ("Ms. Petropoul"), by and through her attorney, Richard M. Manzella, complains of and alleges a cause of action as follows:

## NATURE OF THE ACTION

2) This action is brought on behalf of the Plaintiff regarding disability discrimination under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, et seq., and the Illinois Human Rights Act ("IHRA"), 775 ILCS 5/2-101 et seq.

## JURISDICTION AND VENUE

3) Jurisdiction lies in this Court pursuant to 28 U.S.C. § 1343(a)(3) and  (4) and 28 U.S.C. § 1331 and supplemental subject matter jurisdiction under 28 U.S.C. § 1367.

## VENUE

4) Venue is proper in this district because the Defendant is located in this district and Plaintiff is a resident of this district and the acts complained of herein arose within this judicial district.

## PROCEDURAL REQUIREMENTS

5) Plaintiff filed a timely Charge of Discrimination against Defendant with the Illinois Department of Human Rights and cross-filed the respective Charges with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff received a Right to Sue letter from the Equal Employment Opportunity Commission on August 22, 2007.

6) All conditions precedent to the filing of suit have been performed or have occurred.

## PARTIES

7) Plaintiff is a resident of Odell, Illinois, located in Livingston County.

8) Plaintiff was employed at Defendant's location in Pontiac, Illinois at the time her cause of action accrued.

9) Plaintiff's employment was terminated by Defendant on or about April 19, 2004, pursuant to the policy of defendant "to terminate a person's employment when a period of continued absence due to illness, injury, or plant accident exceeds the employee's length of service with the company or one year, whichever is less." **Exhibit A.**

10) Defendant, R.R. DONNELLEY & SONS COMPANY (hereafter, "RRD"), is a worldwide commercial printing company with a plant located in Pontiac, Illinois; and RRD distributes, among other items, advertising inserts, telephone directories, financial reports, magazines, labels and textbooks.

11) Defendant is a person within the meaning of 42 U.S.C. Section 2000e(a), and an employer within the meaning of 42 U.S.C. Section 2000e(b).

## FACTUAL HISTORY

12) On June 4, 1973, Plaintiff was hired by W.A. Krueger Co., which was subsequently purchased by Ringier American and then sold to RRD in 1993.

13) Plaintiff worked as a Material Handler in RRD's Pontiac, Illinois bindery.

14) Plaintiff's tasks associated with her work in the bindery required her to regularly load, stack and unload paper.

15) On or about June 27, 2002, Plaintiff notified Defendant's Human Resources Coordinator that she was unable to work for a period of thirty days as a result of the effects of her medical condition of multiple sclerosis ("MS").

16) Plaintiff then presented other work slips to RRD detailing her inability to work as a result of her MS through July 31, 2003.

17) RRD then notified Plaintiff that pursuant to the employer's policy described herein in paragraph nine (9) that Plaintiff's employment would end on July 29, 2003.

COMPLAINT · 3 ·

18) Discussions between Plaintiff and RRD ensued shortly thereafter and on July 31, 2003, Plaintiff presented a medical work slip to RRD indicating that she could return to work but could not lift over twenty pounds.

19) On or about November 11, 2003, Plaintiff presented a medical work slip to RRD describing restrictions related to her ability to bend, sit, stand and perform elevated work.

20) Beginning from the time Plaintiff first requested time off from work as a result of her MS in 2002 and continuing until her discharge from employment, one or more open and/or available position(s) existed within the Pontiac, Illinois location of RRD or within other work sites of RRD that Plaintiff was qualified to perform with or without an accommodation.

21) RRD failed to engaged in an interactive process with Plaintiff to discuss potential means by which RRD might reasonably accommodate Plaintiff's disability throughout the time period described in paragraph twenty (20) by, among other failures and/or omissions, failing to directly notify Plaintiff of open and/or available positions that she could perform with or without an accommodation and failing to provide a reasonable means by which Plaintiff could learn of these open and/or available positions.

22) Plaintiff did not have reasonable independent means to learn of the open and/or available positions that she was qualified to perform with or without an accommodation during the period described in paragraph twenty (20) above.

23) Plaintiff would have applied for and been qualified to perform the duties of one or more open and available positions had RRD notified Plaintiff of these positions and/or provided a reasonable means by which Plaintiff could learn of these positions.

24) But for RRD's failure to engage in the interactive process to discuss means by which RRD could reasonably accommodate Plaintiff's disability (handicap), Plaintiff would have returned to work within the one year period as mandated by the Employer's policy as described in paragraph nine (9) and further detailed within Exhibit B.

## COMPLAINT AND DEMAND FOR JURY TRIAL

*Count 1: Americans with Disabilities Act –*

*failure to accommodate under 42 U.S.C. § 12112(b)(5)(A)*

25) Plaintiff repeats each of the above paragraphs as if each had been separately alleged within paragraph 25 and incorporates said allegations into Count 1.

26) Defendant RRD has discriminated against Ms. Petropoul, a disabled person, on account of and/or by reason of her disability, multiple sclerosis (hereafter, "MS") in violation of 42 U.S.C. § 12101, et seq., because during all relevant times:

a) Plaintiff was disabled under the statute;

b) Plaintiff was qualified to perform the essential functions of one or more positions with or without an accommodation that became open prior to her discharge from employment by Defendant;

c) Plaintiff suffered an adverse employment action because of her disability when Defendant failed to engage in collaborate discussions with Plaintiff related to reasonable accommodations and subsequently terminated Ms. Petropoul.

27) RRD discriminated against Plaintiff among other ways, by developing, maintaining and implementing a policy or practice referenced in Exhibit A attached and further described herein in paragraph nine (9) that served to discriminate against individuals with disabilities, including Ms. Petropoul.

WHEREFORE, Plaintiff Petropoul prays that this Court grant the following relief:

a) Enjoin RRD from failing or refusing to:

i) provide sufficient remedial relief to make whole Ms. Petropoul for the loss she has suffered as a result of the discrimination against her as alleged in this complaint;

ii) adopt a clear, meaningful, and well-publicized written policy prohibiting disability discrimination against any RRD employee, which includes provisions describing responsibilities of all supervisors to report and respond to complaints of disability discrimination and which establishes an effective mechanism for receiving and responding to complaints of disability discrimination;

iii) modify its existing disability discrimination policy to include clear, meaningful and well-publicized provisions describing responsibilities of all supervisors to report and respond to complaints of disability

discrimination, and to establish an effective mechanism for receiving and responding to complaints of disability discrimination;

iv) provide adequate training to all RRD employees, and to all RRD management officials responsible for making determinations regarding complaints of disability discrimination, with regard to workplace disability discrimination prohibited by the ADA.

v) take other appropriate nondiscriminatory measures to overcome the effects of the discrimination.

b) Award compensatory damages to Ms. Petropoul for mental and/or physical injuries incurred as a result of the discrimination against her as alleged in this complaint, pursuant to and within the statutory limitations of Section 102 of the Civil Rights Act of 1991, 42 U.S.C. Section 1981a. and/or the ADA. Plaintiff Petropoul prays for such additional relief as justice may require, together with attorneys' fees, its costs and disbursements in this action.

*Count 2: Americans with Disabilities Act – disparate treatment*

28) Plaintiff repeats paragraphs 1 – 24 as if each had been separately alleged within paragraph 28 and incorporates said allegations into Count 2.

29) Defendant RRD has discriminated against Ms. Petropoul, a disabled person, on account of and/or by reason of her disability, multiple sclerosis (hereafter, "MS") in violation of 42 U.S.C. § 12101, et seq., because during all relevant times:

a) Plaintiff was disabled under the statute;

b) Plaintiff was qualified to perform the essential functions of one or more
positions with or without an accommodation that became open prior to her
discharge from employment by Defendant;

c) Plaintiff suffered an adverse employment action because of her disability
when Defendant treated non-disabled individuals more preferentially as it
pertained to its policy or practice referenced in Exhibit A attached and
further described herein in paragraph nine (9) as implemented such policy
that served to discriminate against individuals with disabilities, including
Ms. Petropoul.

WHEREFORE, Plaintiff Petropoul prays that this Court grant the following relief:

a) Enjoin RRD from failing or refusing to:

   i)  provide sufficient remedial relief to make whole Ms. Petropoul for the loss
       she has suffered as a result of the discrimination against her as alleged in
       this complaint;

   ii) modify its existing disability discrimination policy to include clear,
       meaningful and well-publicized provisions describing responsibilities of all
       supervisors to report and respond to complaints of disability
       discrimination, and to establish an effective mechanism for receiving and
       responding to complaints of disability discrimination;

   iii) take other appropriate nondiscriminatory measures to overcome the
        effects of the discrimination.

b) Award compensatory damages to Ms. Petropoul for mental and/or physical injuries incurred as a result of the discrimination against her as alleged in this complaint, pursuant to and within the statutory limitations of Section 102 of the Civil Rights Act of 1991, 42 U.S.C. Section 1981a. and/or the ADA. Plaintiff Petropoul prays for such additional relief as justice may require, together with attorneys' fees, its costs and disbursements in this action.

*Count 3: Illinois Human Rights – failure to accommodate*

30) Plaintiff repeats paragraphs 1- 24 as if each had been separately alleged within paragraph 30 and incorporates said allegations into Count 3.

31) Defendant RRD has discriminated against Ms. Petropoul, a handicapped person, on account of and/or by reason of her handicap, multiple sclerosis, in violation of 775 ILCS 5/2-101 et seq., because during all relevant times:

a) Plaintiff was handicapped under the statute;

b) Plaintiff was qualified to perform the essential functions of one or more positions with or without an accommodation that became open prior to her discharge from employment by Defendant;

c) Plaintiff suffered an adverse employment action because of her handicap when Defendant failed to engage in collaborate discussions with Plaintiff related to reasonable accommodations and subsequently terminated Ms. Petropoul.

32) RRD discriminated against Plaintiff among other ways, by developing, maintaining and implementing a policy or practice referenced in Exhibit A

COMPLAINT - 9 -

attached and further described herein in paragraph nine (9) that served to discriminate against individuals with handicaps, including Ms. Petropoul.

WHEREFORE, Plaintiff Petropoul prays that this Court grant the following relief:

   a) Enjoin RRD from failing or refusing to:

      i) provide sufficient remedial relief to make whole Ms. Petropoul for the loss she has suffered as a result of the discrimination against her as alleged in this complaint;

      ii) adopt a clear, meaningful, and well- publicized written policy prohibiting handicap discrimination against any RRD employee, which includes provisions describing responsibilities of all supervisors to report and respond to complaints of handicap discrimination and which establishes an effective mechanism for receiving and responding to complaints of handicap discrimination;

      iii) modify its existing handicap discrimination policy to include clear, meaningful and well-publicized provisions describing responsibilities of all supervisors to report and respond to complaints of handicap discrimination, and to establish an effective mechanism for receiving and responding to complaints of handicap discrimination;

      iv) provide adequate training to all RRD employees, and to all RRD management officials responsible for making determinations regarding complaints of handicap discrimination, with regard to workplace handicap discrimination prohibited by the IHRA.

v) take other appropriate nondiscriminatory measures to overcome the effects of the discrimination.

b) Award compensatory damages to Ms. Petropoul for mental and/or physical injuries incurred as a result of the discrimination against her as alleged in this complaint, pursuant to and within the statutory limitations of the IHRA. Plaintiff Petropoul prays for such additional relief as justice may require, together with attorneys' fees, its costs and disbursements in this action.

### JURY DEMAND

12) The Plaintiff hereby demands a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. Section 1981a.

Dated this 20th day of November, 2007,

s/ Richard M. Manzella
Richard M. Manzella
Attorney # 6257568

Law Office of Richard M. Manzella
117 North Center Street
Bloomington, Illinois 61701
Phone (309) 829-7424
Fax    (815) 366-4800

COMPLAINT - 11 -

www.rrdonnelley.com

1600 North Main St.
Pontiac, IL 61764

**EXHIBIT A**

<u>VIA CERTIFIED MAIL</u>

March 11, 2004

Ms. Betty Petropoul
205 North Wolf St.
Odell, IL  60460

Dear Betty

It is the policy of the company to terminate a person's employment when a period of continuous absence due to illness, injury, or plant accident exceeds the employee's length of service with the company or one year, whichever is less.  In your case, your absence began on June 28, 2002, and exceeded one year on June 29, 2003. Consequently, your employment with RR Donnelley will end on April 19, 2004.

The medical and dental coverage for which you are currently enrolled will continue through the end of April.  Other important information regarding benefit options available to you and your family as a result of your separation will be mailed to you by the Benefits Information Center (BIC).  Please watch for this information, and **contact the BIC at 1-800-877-8700 if you have not received it within the two weeks following your separation date.**

We wish you the best in your future endeavors, Betty.  If you have any questions, please call Cherry Slaton, at 844-1492, or me at 844-1732.

Sincerely,

*Julie Lieberman*

Julie Lieberman
Human Resources Manager

ATTN: Rich

cc:     C. Slaton

**RR DONNELLEY**

# EXHIBIT B

## TO

## DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO SET ASIDE ORDER OF DEFAULT

**E-FILED**
Thursday, 10 January, 2008 04:36:33 PM
Clerk, U.S. District Court, ILCD

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

Central _____    District of _____ Peoria

BETTY PETROPOUL, PLAINTIFF

V.

R.R. DONNELLEY & SONS COMPANY,
DEFENDANT.

### SUMMONS IN A CIVIL ACTION

CASE NUMBER:   07-CV-1314

TO: (Name and address of Defendant)

C T CORPORATION SYSTEM, registered agent
Address   208 SO LASALLE ST, SUITE 814
Chicago, IL 60604

RRD
1600  N. Main St.
Pontiac, IL 61764

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Law Office of Richard M. Manzella
117 North Center
Bloomington, IL  61701

(309) 829-7424

an answer to the complaint which is served on you with this summons, within _____ 20 _____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.

12/12/2007
_____
DATE

AO 440 (Rev. 8/01) Summons in a Civil Action

| RETURN OF SERVICE | |
|---|---|
| Service of the Summons and complaint was made by me[1] | DATE *01, 09, 08* |
| NAME OF SERVER *(PRINT)* *TONY DANIELS* | TITLE *PROCESS SERVER* |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: *RRD, Pontiac, IL*

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☑ Other (specify): *LEFT WITH CAROL GULLO, MANAGER OF THE HUMAN RESOURCES DEPT.*

| STATEMENT OF SERVICE FEES | | | |
|---|---|---|---|
| TRAVEL *$35.00* | SERVICES *$30.00* | | TOTAL *$65.00* |

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on ___*01-09-08*___
          Date

*Tony Daniels*
    Signature of Server

*809 NORMAL AVE, NORMAL, IL*
    Address of Server

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

# EXHIBIT C

## TO

## DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO SET ASIDE ORDER OF DEFAULT

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

BETTY PETROPOUL,

      Plaintiff,

v.

      No. 07-CV-1314

R.R. DONNELLEY & SONS COMPANY,

      Defendant.

### AFFIDAVIT OF CAROLE GULO IN SUPPORT
### OF MOTION TO SET ASIDE ORDER OF DEFAULT

**STATE OF ILLINOIS**    )
                  ) **ss:**
**COUNTY OF LIVINGSTON**  )

Carole Gulo, being duly sworn, deposes and says:

1.    I am the Human Resources Manager at R.R. Donnelley & Sons Company's ("Donnelley") Pontiac, Illinois location.

2.    I was hired by Donnelley into this position on September 24, 2007.

3.    I make this affidavit from personal knowledge and in support of Donnelley's Motion to Set Aside Order of Default.

4.    On January 9, 2008, a process server delivered to me a legal complaint in the above-titled case.

5.    That same day, I instructed a Human Resources assistant to mail the complaint to Donnelley's legal department in Chicago, Illinois. I do not know whether the complaint was actually mailed.

6.    At the time, I was unaware of Donnelley's Legal Document Intake and Inquiry Procedure for Human Resources, attached hereto as Exhibit 1, which requires that all legal documents including complaints be faxed immediately to the legal department.

7.    I have not received any other documents related to this case other than the complaint I received on January 9, 2008.

Carole Gulo

Sworn to and subscribed before me
this ⁊ᵀᴴ day of  May , 2008.

Notary Public

"OFFICIAL SEAL"
DONNA WYNISTORF
Notary Public, State of Illinois
My Commission Expires 10/02/11

2

# EXHIBIT 1

# RR DONNELLEY
# LEGAL DOCUMENT INTAKE AND INQUIRY
# PROCEDURE FOR HUMAN RESOURCES

The purpose of this procedure is to outline the method by which Human Resources personnel must handle legal documents and government information requests and inquiries.

## *Legal Documents*

The company's general procedure regarding intake of legal documents directs employees to forward any subpoenas, complaints, summons, and other correspondence or papers that have legal significance to their local Human Resources manager or professional. **When you receive any such document you must do the following:**

- *Wage assignments, Garnishments, Tax Liens, and/or Workers' Compensation Notices* – Please handle these locally. You are not required to involve the Legal Department, but may call your Legal Department contact if you are unsure about what to do.

- *All other legal documents* (including, but not limited to, subpoenas, summons, complaints, **any** letters from lawyers, and **any** inquires from government authorities) – Immediately fax these to Audrey Metes, Legal Department, at 312-326-7156. Call Audrey at 312-326-7610 to alert her that your fax is on its way. Make a copy of the documents, retain the copy and send the original to Audrey at 111 South Wacker Drive, Chicago, Illinois, 60606.

## *Government Investigations and Information Requests*

If a representative of any law enforcement or governmental agency contacts you or anyone at your facility, requests information, data or documents or requests to speak with you or anyone at your facility for any purpose, you must take the steps outlined below*.   Do not provide any information unless you are specifically instructed by the Legal Department to do so.

### *Telephone Call:*

1. Advise the person you are not authorized to speak with them or to provide information, but that an attorney from the Legal Department will contact them.
2. Take the caller's name, title and phone number and immediately forward that information and your name and contact information to the following Lotus Notes address: **Urgent Legal Requests**. If you do not have access to the Lotus Notes system, contact your local Human Resources Manager or professional immediately.

### *In-Person Visit:*

1. Advise the person you are not authorized to speak with them or to provide information, but that you are contacting an attorney from the Legal Department to speak to them.
2. Request identification and write down the person's name, title and contact information and purpose of the visit.
3. Immediately contact an attorney in the Legal Department by sending the above information and your name and contact information to the following Lotus Notes address: **Urgent Legal Requests**. An attorney from the Legal Department will promptly respond. If you do not have access to the Lotus Notes system, contact your local Human Resources Manager or professional immediately.

\* For EPA or OSHA inquiries please refer to the Environmental Health and Safety guidance on the intranet at:
http://insiderrd/Docs/CorpFunctions/RiskMangement/EPAInsepctions.com
http://insiderrd/Docs/CorpFunctions/RiskManagement/OSHAInspections.com

**WHEN IN DOUBT, CONTACT THE LEGAL DEPARTMENT: If you are not sure how to handle a legal document or inquiry, contact the General Counsel or an attorney in the Legal Department.**

# EXHIBIT D

## TO

## DEFENDANT'S MEMORANDUM
## IN SUPPORT OF ITS MOTION
## TO SET ASIDE ORDER OF DEFAULT

# VEDDER PRICE

ELIZABETH A. NOONAN
312-609-7795
enoonan@vedderprice.com

VEDDER, PRICE, KAUFMAN & KAMMHOLZ, P.C.
222 NORTH LASALLE STREET
CHICAGO, ILLINOIS 60601
312-609-7500
FAX: 312-609-5005

CHICAGO • NEW YORK CITY • WASHINGTON, DC • ROSELAND, NJ

March 23, 2007

**BY FEDERAL EXPRESS**

Mr. Richard M. Manzella
117 North Center Street
Bloomington, Illinois 61701

      Re:    <u>Megan Cool and R. R. Donnelley</u>

Dear Mr. Manzella:

      Enclosed is the executed Settlement Agreement and the checks referenced therein. Thank you for your help in successfully resolving this matter.

              Sincerely,

              Elizabeth A. Noonan

/EAN

cc:    Richard H. Schnadig, Esq.

CHICAGO/#1603383.1

# EXHIBIT E

## TO

## DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO SET ASIDE ORDER OF DEFAULT

E-FILED
Thursday, 31 January, 2008  11:21:19 AM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| BETTY PETROPOUL, | )  Case No.: 07-CV-1314 |
|  | ) |
| PLAINTIFF, | ) |
|  | ) |
| v. | )  Civil Action |
|  | ) |
| R.R. DONNELLEY & SONS | ) |
|  | )  <u>JURY TRIAL</u> |
| COMPANY, | )  <u>DEMANDED</u> |
|  | ) |
| DEFENDANT. | ) |

### NOTICE OF SERVICE OF MOTION FOR DEFAULT JUDGMENT AND ACCOMPANYING MEMORANDUM OF LAW IN SUPPORT OF MOTION

I, Richard M. Manzella, certify that I electronically filed on January 31, 2008, this Notice of Service of Motion for Default Judgment Pursuant to Fed. R. Civ. P. 55 and Plaintiff's memorandum of law in support of her motion for default with the Clerk of the Court using the CM/ECF system.

### CERTIFICATION

Under penalties of perjury, I certify that the statements set forth in the foregoing Proof of Service are true and correct.

s/ Richard Manzella
Richard M. Manzella

**E-FILED**
Thursday, 31 January, 2008  11:08:57 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| BETTY PETROPOUL, | Case No.: 07-CV-1314 |
| PLAINTIFF, | |
| v. | Civil Action |
| R.R. DONNELLEY & SONS | |
| COMPANY, | JURY TRIAL DEMANDED |
| DEFENDANT. | |

## MOTION FOR DEFAULT JUDGMENT PURSUANT TO FED. R. CIV. P. 55

By and through her attorney of record, BETTY PETROPOUL, Plaintiff, moves this Court for an Order of Default Judgment against Defendant, R.R. DONNELLEY & SONS COMPANY, and in support of its motion state the following:

1. Defendant was properly served with summons and complaint on January 9, 2008, and Plaintiff filed proof of such service with the Court as provided on **Exhibit 1**, attached herein and incorporated by reference.

2. As a result of the service of Defendant, an answer was due on or before January 29, 2008.

3. No representative of the Defendant has filed an appearance and no answer has been filed to the complaint.

4. Pursuant to the Federal Rules of Civil Procedure a Court may enter an order of default subsequent to Defendant's untimely filing of an answer or otherwise fails to plead.

WHEREFORE, for all of the foregoing reasons, Plaintiff requests that this Court enter an Order of Default in this matter and set the matter for hearing to determine the amount of damages proximately resulting from Plaintiff's failure to accommodate and disparate treatment claim against Defendant relating to Plaintiff's disability/handicap that further resulted in Plaintiff's termination and Order such further monetary and/or equitable relief as this Court determines is necessary to make Plaintiff whole for the acts of Defendant.

Dated this 31st day of January, 2008,

s/ Richard M. Manzella
Richard M. Manzella
Attorney # 6257568

Law Office of Richard M. Manzella
117 North Center Street
Bloomington, Illinois 61701
Phone (309) 829-7424
Fax    (815) 366-4800

**E-FILED**
Thursday, 30 January, 2008 04:36:09 PM
Clerk, U.S. District Court, ILCD

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

| Central | District of | Peoria |
| --- | --- | --- |

BETTY PETROPOUL, PLAINTIFF

V.

R.R. DONNELLEY & SONS COMPANY,
DEFENDANT.

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER:   07-CV-1314

TO: (Name and address of Defendant)

C T CORPORATION SYSTEM, registered agent
Address   208 SO LASALLE ST, SUITE 814
Chicago, IL 60604

RRD
1600 N. Main St.
Pontiac, IL 61764

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Law Office of Richard M. Manzella
117 North Center
Bloomington, IL  61701

(309) 829-7424

an answer to the complaint which is served on you with this summons, within _____20_____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.

12/12/2007

DATE

**EXHIBIT 1**

AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| Service of the Summons and complaint was made by me[1] | DATE 01, 09, 08 |
|---|---|
| NAME OF SERVER (PRINT) TONY DANIELS | TITLE PROCESS SERVER |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: RRD, Pontiac, IL

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☒ Other (specify): LEFT WITH CAROL GULLO, MANAGER OF THE HUMAN RESOURCES DEPT.

### STATEMENT OF SERVICE FEES

| TRAVEL $35.00 | SERVICES $30.00 | TOTAL $65.00 |
|---|---|---|

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on __01-09-08__     _Tony Daniels_
       Date            Signature of Server

_809 NORMAL AVE, NORMAL, IL_
Address of Server

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

**EXHIBIT 1**

**E-FILED**
Thursday, 31 January, 2008  11:14:11 AM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| BETTY PETROPOUL,<br><br>PLAINTIFF,<br><br>v.<br><br>R.R. DONNELLEY & SONS<br>COMPANY,<br><br>DEFENDANT. | Case No.: 07-CV-1314<br><br>Civil Action<br><br>JURY TRIAL<br>DEMANDED |

### MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT PURSUANT TO FED. R. CIV. P. 55

By and through her attorney of record, BETTY PETROPOUL, Plaintiff, moves this Court for an Order of Default Judgment against Defendant, R.R. DONNELLEY & SONS COMPANY, and in further support of its motion state the following:

1. Defendant has failed to appear or otherwise plead subsequent to service of the complaint and summons on January 9, 2008. (Ex. 1; Pl.'s Mot. for Default)

2. Pursuant to the Federal Rules of Civil Procedure a Court may enter an order of default subsequent to Defendant's untimely filing of an answer or failure to otherwise plead.  The rule provides, in relevant part, as follows:

> Rule 55. Default
>
> (a) Entering a Default. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

(b) Entering a Default Judgment.

(1) By the Clerk. If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk--on the plaintiff's request, with an affidavit showing the amount due--must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

(2) By the Court. In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 3 days before the hearing. The court may conduct hearings or make referrals--preserving any federal statutory right to a jury trial--when, to enter or effectuate judgment, it needs to:

(A) conduct an accounting;

(B) determine the amount of damages;

(C) establish the truth of any allegation by evidence; or

(D) investigate any other matter.

...

FED. R. CIV. P. 55 (West 2008).

3. In *Zuelzke Tool & Engineering Co., Inc. v. Anderson Die Castings, Inc.*, 925 F.2d

226, 229 (7th Cir.1991), the United States District Court for the Eastern District

of Wisconsin, after finding that the complaint and summons had been served on

defendant and that no answer or responsive pleading had been filed within the

time required by applicable rules, the court directed that a default judgment be

entered in favor of defendant. In *Zuelzke*, Plaintiff's motion for default was served less than one week following the expiration of defendant's time to plead and the Court entered judgment against the defendant approximately five weeks later.

4. *Zuelzke* involved a specific monetary damage prayer based on work the plaintiff had previously performed for defendant. In the case at bar, Ms. Petropoul's damages are in the nature of lost pay and benefits (damages that continue to accrue), other compensatory damages including emotional distress proximately flowing from defendant/employer's wrongful acts, and other damages as detailed in Plaintiff's complaint including attorneys' fees and costs upon a judgment in her favor as provided by statute.

5. For the reasons described in paragraph four, Plaintiff Petropoul seeks an application by this Court for a default judgment and, as further provided by FED. R. CIV. P. 55 2(b), a hearing to determine the amount of damages sustained.

   WHEREFORE, for all of the foregoing reasons, Plaintiff requests that this Court enter an Order of Default in this matter and set the matter for hearing to determine the amount of damages proximately resulting from Plaintiff's failure to accommodate and disparate treatment claim against Defendant relating to Plaintiff's disability/handicap that further resulted in Plaintiff's termination and

Order such further monetary and/or equitable relief as this Court determines is

necessary to make Plaintiff whole for the acts of Defendant.

Dated this 31st day of January, 2008,

s/ Richard M. Manzella
Richard M. Manzella
Attorney # 6257568

Law Office of Richard M. Manzella
117 North Center Street
Bloomington, Illinois  61701
Phone (309) 829-7424
Fax    (815) 366-4800

# EXHIBIT F

## TO

## DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO SET ASIDE ORDER OF DEFAULT

**E-FILED**
Wednesday, 30 April, 2008  02:02:35 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| BETTY PETROPOUL, ) | Case No.: 07-CV-1314 |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| v. ) | Civil Action |
| ) | |
| R.R. DONNELLEY & SONS ) | |
| ) | JURY TRIAL |
| COMPANY, ) | DEMANDED |
| ) | |
| DEFENDANT. ) | |

### NOTICE OF DELIVERY OF COPY OF ORDER OF APRIL 25, 2008

I, Richard M. Manzella, certify that I electronically filed on April 30, 2008, this *Notice of Delivery of Copy of Order of April 25, 2008*, with the Clerk of the Court using the CM/ECF system.

I, further certify that on April 30, 2008, I received an electronic notification of the delivery of the *Order*, a ruling entered by this Court dated April 25, 2008, upon plaintiff's motion for default, and signed by the Honorable Joe Billy McDade to the address on the Service List (**Exhibit 1**) and an electronic copy of the signature obtained by an agent for the courier as shown on **Exhibit 2**, attached herein.

### CERTIFICATION

Under penalties of perjury, I certify that the statements set forth in the foregoing Proof of Service are true and correct.

s/ Richard M. Manzella
Richard M. Manzella

### SERVICE LIST

Registered Agent: RRD & Sons Co.
CT Corporation System
208 S. LaSalle St., Ste 814
Chicago, IL  60604-1101

**E-FILED**
Wednesday, 30 April, 2008 02:02:57 PM
Clerk, U.S. District Court, ILCD

**Subject:** FedEx Shipment 799845295008 Delivered
**From:** TrackingUpdates@fedex.com
**Date:** Wed, 30 Apr 2008 12:11:59 -0500 (CDT)
**To:** Richard.Manzella@JobAttorney.com

---

This tracking update has been requested by:

| | |
|---|---|
| Company Name: | Law Office Richard M. Manzella |
| Name: | Richard Manzella |
| E-mail: | Richard.Manzella@JobAttorney.com |

---

Our records indicate that the following shipment has been delivered:

| | |
|---|---|
| Ship (P/U) date: | Apr 29, 2008 |
| Delivery date: | Apr 30, 2008 12:09 PM |
| Sign for by: | K.AGULA |
| Delivered to: | Receptionist/Front Desk |
| Service type: | FedEx 2Day |
| Packaging type: | FedEx Envelope |
| Number of pieces: | 1 |
| Weight: | 0.50 lb. |
| Special handling/Services: | Adult Signature Required |
| | Deliver Weekday |

Tracking number:      799845295008

| Shipper Information | Recipient Information |
|---|---|
| Richard Manzella | Registered Agent: RRD & Sons Co. |
| Law Office Richard M. Manzella | CT Corporation System |
| 117 N. Center | 208 S LASALLE ST STE 814 |
| Bloomington | CHICAGO |
| IL | IL |
| US | US |
| 61701 | 606041101 |

Please do not respond to this message. This email was sent from an unattended mailbox. This report was generated at approximately 12:11 PM CDT on 04/30/2008.

To learn more about FedEx Express, please visit our website at fedex.com.

All weights are estimated.

To track the latest status of your shipment, click on the tracking number above, or visit us at fedex.com.

This tracking update has been sent to you by FedEx on the behalf of the Requestor noted above. FedEx does not validate the authenticity of the requestor and does not validate, guarantee or warrant the authenticity of the request, the requestor's message, or the accuracy of this tracking update. For tracking results and fedex.com's terms of use, go to fedex.com.

Thank you for your business.

**Exhibit 1**



FedEx Express
Customer Support Trace
3875 Airways Boulevard
Module H, 4th Floor
Memphis, TN 38116

U.S. Mail: PO Box 727
Memphis, TN 38194-4643
Telephone: 901-369-3600

E-FILED
Wednesday, 30 April, 2008 02:03:13 PM
Clerk, U.S. District Court, ILCD

April 30,2008

Dear Customer:

The following is the proof-of-delivery for tracking number **799845295008**.

## Delivery Information:

| | | | |
|---|---|---|---|
| Status: | Delivered | Delivery location: | CHICAGO, IL |
| Signed for by: | K.AGULA | Delivery date: | Apr 30, 2008 12:09 |
| Service type: | FedEx 2Day Envelope | | |

## Shipping Information:

| | | | |
|---|---|---|---|
| Tracking number: | 799845295008 | Ship date: | Apr 29, 2008 |
| | | Weight: | 0.5 lbs. |

Recipient:                                           Shipper:
CHICAGO, IL US                                    Bloomington, IL US

Thank you for choosing FedEx Express.

FedEx Worldwide Customer Service
1.800.GoFedEx 1.800.463.3339

**Exhibit 2**

**E-FILED**
Wednesday, 30 April, 2008 01:50:14 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| BETTY PETROPOUL, ) | Case No.: 07-CV-1314 |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| v. ) | Civil Action |
| ) | |
| R.R. DONNELLEY & SONS ) | |
| ) | <u>JURY TRIAL</u> |
| COMPANY, ) | <u>DEMANDED</u> |
| ) | |
| DEFENDANT. ) | |

### PROOF OF SERVICE

I, Richard M. Manzella, certify that I served a complete copy of a document entitled *Order*, a ruling entered by this Court dated April 25, 2008, upon plaintiff's motion for default, and signed by the Honorable Joe Billy McDade to the registered agent of Defendant as shown on the Illinois Secretary of State's website, specifically to the person listed in the Service List, by placing a copy of the same in a Federal Express envelope correctly addressed to the person on the Service List and mailing same by Federal Express 2-day service on April 29, 2008.

### CERTIFICATION

Under penalties of perjury, I certify that the statements set forth in the foregoing Proof of Service are true and correct.

 s/ Richard M. Manzella
Richard M. Manzella

### SERVICE LIST

Registered Agent: RRD & Sons Co.
CT Corporation System
208 S. LaSalle St., Ste 814
Chicago, IL  60604-1101

**E-FILED**
Friday, 25 April, 2008  04:42:41 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

BERRY PETROPOUL,                    )
                               )
       Plaintiff,                  )
                               )     No. 07-1314
                               )
v.                                  )
                               )
R.R. Donnelley & Sons Co.,          )
                               )
       Defendant.                  )

## O R D E R

Before the Court is a Motion for Default [Doc. 5] filed pursuant to Federal Rule of Civil Procedure 55.  Plaintiff has brought her claim under the American's with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., and seeks damages and injunctive relief.  She now states that she has duly served process upon Defendant and Defendant has failed to appear or otherwise plead as required by the Federal Rules of Civil Procedure.

The Court finds that Defendant appears to be in default and Plaintiff is entitled to have a default entered against Defendant.  However, considering the nature of this case, a hearing is necessary before default judgment can be entered. Rule 55(b)(2) states that "[i]f, in order to enable the court to enter judgment or to carry into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct [a hearing]… as it deems necessary…."

Accordingly, a hearing is scheduled for this matter on May 28, 2008 at 9 am to determine the extent of the damages suffered by Plaintiff. Plaintiff is ordered to serve a copy of this Order upon the registered agent for Defendant in the State of Illinois by May 2, 2008.

IT IS THEREFORE ORDERED that default is entered against Defendant. A hearing is set for a determination of damages in this matter for May 28, 2008 at 9 am. Plaintiff is directed to serve a copy of this Order upon Defendant's registered agent in the state of Illinois by May 2, 2008.

ENTERED this  25th  day of April, 2008.

                                        s/Joe Billy McDade
                                        Joe Billy McDade
                                        United States District Judge

2