UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| BETTY PETROPOUL, | Case No.: 07-CV-1314 |
| PLAINTIFF, | |
| v. | Civil Action |
| R.R. DONNELLEY & SONS COMPANY, | <u>JURY TRIAL DEMANDED</u> |
| DEFENDANT. | |

<u>RESPONSE TO DEFENDANT'S MOTION TO VACATE DEFAULT JUDGMENT</u>

By and through her attorney of record, BETTY PETROPOUL, plaintiff, moves this Court for an Order denying defendant's motion to vacate the Order of Default against defendant, R.R. DONNELLEY & SONS COMPANY, and in further support of its response states the following:

1. Plaintiff's complaint noticing a cause of action under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, et seq., and the Illinois Human Rights Act ("IHRA"), 775 ILCS 5/2-101 et seq. was properly served on defendant on January 9, 2008. (Ex. 1; Pl.'s Mot. for Default)

2. Defendant failed to timely appear or otherwise plead subsequent to service of a complaint and summons.

3. On January 31, 2008, plaintiff moved for an Order of Default pursuant to Fed. R. Civ. P. 55.

4. On April 25, 2008, the Court granted plaintiff's motion and set a hearing for the prove up of damages on May 28, 2008, with further instructions for plaintiff to serve the registered agent for defendant by May 2, 2008.

5. Plaintiff served the registered agent of defendant and received the courier's proof of defendant's receipt of the Default Order on April 30, 2008.

6. Defendant filed a motion to set aside the Order of Default on May 7, 2008, and now moves the Court pursuant to Fed. R. Civ. P. 55(c) to find "good cause" for the default, quick action by the defendant to correct the default and a meritorious defense to the action. Def.'s Mot. p. 3 (citations omitted).

7. Because the defendant makes legally erroneous arguments in support of its motion, waives any potential jurisdictional defense, and more importantly and ultimately fails to adequately support the reasons for its untimely response to a properly served summons and complaint, plaintiff requests that this Court deny defendant's motion as a reasonable sanction for its failure to timely answer the complaint.

8. Paragraphs 1-3 of defendant's motion detail that the service of the summons and complaint was made upon the Manager of Human Resources at defendant's Pontiac, Illinois facility. The Pontiac location is the facility that the plaintiff formerly worked. (Complaint. ¶ 8).

9. Notably, defendant intimates but does not directly state that service was defective. It was not. Service was returned upon Carole Gullo, the Human Resources Manager. A signed return of service constitutes prima facie evidence

of valid service "which can be overcome only by strong and convincing evidence." *Hicklin v. Edwards*, 226 F.2d 410, 414 (8th Cir.1955). See also *Taft v. Donellan Jerome, Inc.*, 407 F.2d 807, 808-09 (7th Cir.1969).

10. Defendant also suggests that the summons was improper without directly stating that is was defective. Fed.R.Civ.P. 4(b) sets forth the requirements for the content of a summons:

    > The summons shall be signed by the clerk, be under the seal of the court, contain the name of the court and the name of the parties, be directed to the defendant, state the name and address of the plaintiff's attorney, if any, otherwise the plaintiff's address, and the time within which these rules require the defendant to appear and defend, and shall notify the defendant that in case of the defendant's failure to do so judgment by default will be rendered against the defendant for the relief demanded in the complaint....

    Fed.R.Civ.P. 4(b).

    Because the summons complied with the requirements set forth in the applicable rule, the summons was not defective and service was proper.

11. Defendant further argues that plaintiff should have served summons on current counsel for defendant because plaintiff had formerly represented an individual employed by defendant in March of 2007 and knew, <u>at that time</u>, that current counsel represented R.R. Donnelley & Sons Company.  Defendant also states that plaintiff's motion for default was not served on either the registered agent for defendant or its counsel.  But such arguments are unsupported by law and by reasonable practice.  There is no compelling reason for plaintiff's counsel to assume that more than nine months later that defendant retains the same

counsel as it had in the past for a substantially different matter involving a different party. In *Zuelzke Tool & Engineering Co., Inc. v. Anderson Die Castings, Inc.*, 925 F.2d 226, 229 (7th Cir.1991), after finding that the complaint and summons had been served on defendant and that no answer or responsive pleading had been filed within the time required by applicable rules, the court directed that a default judgment be entered in favor of defendant. The *Zuelzke* Court stated that the requirement of the notice of default judgment "under Rule 55(b)(2) [arises] only where that party has actually made some presentation or submission *to the district court* in the pending action. *Zuelzke* continues, "Such an interpretation is consistent with traditional and accepted legal parlance in which "appearance" is defined as "a coming into court as a party to a suit, either in person or by an attorney, whether as plaintiff or defendant." *Black's Law Dictionary* 89 (5th Ed.1979). 925 F.2d at 230 (emphasis in original). Defendant did not file its appearance in the Central District of Illinois, an electric filing jurisdiction. Therefore no service was required.

12. In 1993, the Seventh Circuit Court of appeals conducted a review of its prior standards for vacating default judgments and stated "that this circuit no longer follows the earlier doctrine disfavoring defaults. *Matter of State Exchange Finance Co.*, 896 F.2d 1104, 1106 (7th Cir.1990). However, defendant cites a recent district court slip opinion with a purported contrary view. *Hamilton v. Illinois Cent. R. Co.* Slip Copy, 2008 WL 78784 (S.D.Ill. 2008). In any event, what the two decisions make clear and what the parties both agree is that the

party attempting to vacate the default must show: 1) good cause for default, 2) quick action to correct it, and 3) a meritorious defense to plaintiff's complaint. *Pretzel & Stouffer v. Imperial Adjusters, Inc.*, 28 F.3d 42, 45 (7th Cir.1994); *O'Brien v. R.J. O'Brien & Assoc., Inc.*, 998 F.2d 1394, 1401 (7th Cir, 1993); *United States v. Di Mucci*, 879 F.2d 1488, 1495 (7th Cir.1989).

13. Plaintiff concedes that defendant's counsel has taken quick action in an attempt to correct the default. Nevertheless, because defendant's factual description of the reason for its inaction is undeniably superficial and vague plaintiff believes that even under the fairly liberal standard of rule 55(c) (See e.g., *C.K.S. Engineers, Inc. v. White Mountain Gypsum Co.*, 726 F.2d 1202 (7th. Cir. 1984)), defendant has failed to meet a showing of "good cause." In its very simplest terms, defendant wants a "do over" and relies on this Court's discretionary equitable powers to grant it relief from the default judgment. But this Court should be provided material and admissible facts upon which to rest a decision to vacate. The Human Resource Manager's affidavit is the sole means that this Court has before it in which to evaluate "good cause". *To wit*:

    1. I am the Human Resources Manager at R.R. Donnelley & Sons Company's (Donnelley) Pontiac, Illinois location.
    2. I was hired by Donnelly into this position on September 24, 2007.
    3. I make this affidavit from personal knowledge and in support of Donnelley's Motion to Set Aside Order of Default.
    4. On January 9, 2008, a process server delivered to me a legal complaint in the above-titled case.
    5. That same day, I instructed a Human Resources assistant to mail the complaint to Donnelley's legal

> department in Chicago, Illinois.  I do not know whether the complaint was actually mailed.
> 6. At the time I was unaware of Donnelley's Legal Document Inquiry and Intake Policy for Human Resources, attached hereto as Exhibit 1, which requires that all legal documents including complaints be faxed immediately to the legal department.
> 7. I have not received any other document related to this case other than the complaint I received on January 9, 2008.

Gulo affidavit.

18. Very surprising given the nature of the pending motion, the affidavit of Ms. Gulo recites little more than <u>proper</u> service followed by near inaction and describes nothing that could sufficiently warrant the Court to act in its favor.  Missing, for example, is any description of Ms. Gulo's prior professional experience, whether such experience was in some part (or all) with defendant and whether she took any action whatsoever to verify that the unnamed "Human Resources Assistant" acted upon her instruction.  While this Court might infer that all of the answers to these questions are generally supportive of defendant's motion (e.g., the newly-hired Human Resources Manager was very inexperienced and never worked previously for defendant and did leave a message with the HR Assistant to follow-up on the delegated duty), there is no reason for the Court to draw such conclusions.  Without relevant and competent evidence to consider it <u>could</u> just as well be that Ms. Gulo was a long-tenured employee in Human Resources for R.R. Donnelley & Sons Company who knew very well the importance of acting properly and timely in regard to receipt of a summons that was recently promoted yet assigned the critical duty to act to a lower-tier and very

inexperienced employee and failed to verify the execution of the task in any manner whatsoever. Certainly, before this Court could make a reasonable determination as to "good cause" much more information is required. Defendant should have <u>already</u> provided all the "answers" to any reasonable questions the Court might have raised. Reasonable questions include the following: Did the HR Assistant respond <u>in any manner whatsoever</u> to the HR Manager's request; Did the HR Manager inform the HR Assistant what was to be mailed and described its importance; Does the HR Manager (or HR Assistant) regularly interact with one or more employees form defendant's legal department; What was the name of the HR Assistant; is the HR Assistant still employed; Did the HR Assistant attempt to mail the letter; did the HR Assistant know who to mail the letter to; Did the HR Assistant have sufficient resources (or time) to perform the task; Did the HR Assistant properly or improperly address the envelope; Was the correspondence properly posted; Did defendant's legal department engage in any efforts whatsoever to locate such correspondence (and when); Did defendant's human resources department engage in any efforts whatsoever to locate such correspondence (and when); Was a hard copy of the correspondence maintained by the HR Assistant (and did it reveal any information as to the date of mailing or the mailing address); was a hard copy or electronic copy of any accompanying correspondence written with an intention to mail it with the summons and complaint; Was it a regular, occasional, or relatively unusual duty of the HR Assistant to perform such task; Did the HR

Assistant ever previously perform such a task?  Finally, assuming that the letter was mailed to the legal department, was there any reason to find that defendant could not have timely answered (or moved for an enlargement of time)?

19. Defendant had an opportunity to make its case by fleshing out the essential facts by presenting one or more affidavits.  An objective view of Ms. Gulo's affidavit reveals an insufficient explanation of "good cause" because this Court has <u>only</u> a monologue in the form of a short directive from Carol Gullo, HR Manager, Pontiac, Illinois:  "Here, mail this."  The response – if there was one at all – is unknown.  Consequently, the objective or subjective <u>reasons</u> for defendant's failure are completely absent.

20. The final prong that defendant must demonstrate in order to prevail on its motion is to provide a meritorious defense to plaintiff's complaint.  Respectfully, defendant appears not to have read the complaint with great care because it argues that "… plaintiff could not reasonably be accommodated, because at the time of her termination, her multiple sclerosis, a chronic and degenerative condition, prevented her from performing the essential functions of her position." Def.'s Mot. p. 4.  In contrast to presenting a meritorious defense, defendant admits knowledge of plaintiff's disability.  And further, and much more critically, plaintiff does <u>not</u> allege that she could perform the essential functions of <u>her position</u> at the time of her discharge.  Rather, plaintiff alleges that defendant was aware of her disability and charged with this knowledge failed entirely to engage in an interactive process to reasonably accommodate her.  As

a direct and proximate result of defendant's failure, plaintiff specifically and further alleges that the interactive process would have resulted in a reasonable accommodation including placement into one or more open and available positions of which she was qualified and capable to physically perform. Complaint, ¶¶ 20-24. In conclusion, defendant misses the mark in this respect as well. And, even if a defense is determined to exist, standing alone, it cannot excuse an absence of a sufficiently descriptive explanation for defendant's failure to timely answer to invoke a determination of "good cause." *See* e.g., *United States v. DiMucci,* 879 F.2d 1488, 1495 (7th Cir.1989).

**WHEREFORE**, for all of the foregoing reasons, plaintiff requests that this Court deny defendant's motion to vacate the Order of Default in this matter and allow plaintiff to present her damages at the hearing currently set for May 28, 2008, at 9:00 a.m.

Dated this 20th day of May, 2008,

s/ Richard M. Manzella
Richard M. Manzella
Attorney # 6257568

Law Office of Richard M. Manzella
117 North Center Street
Bloomington, Illinois 61701
Phone (309) 829-7424
Fax   (815) 366-4800