E-FILED
Thursday, 22 May, 2008 02:55:30 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

BETTY PETROPOUL,

    Plaintiff,

v.

R.R. DONNELLEY & SONS COMPANY,

    Defendant.

No. 07-CV-1314

**DEFENDANT'S MOTION FOR LEAVE TO FILE *INSTANTER* A REPLY BRIEF IN SUPPORT OF ITS MOTION TO SET ASIDE ORDER OF DEFAULT**

R.R. Donnelley and Sons Company, by its attorneys, hereby moves this Court for leave to file *instanter* a reply brief in support of its Motion to Set Aside Order of Default entered by this Court on April 25, 2008, and in support thereof states:

1. On May 7, 2008, Defendant filed its Motion to Set Aside Order of Default and a supporting legal memorandum.

2. On May 20, 2008, Plaintiff electronically filed through her counsel her response to Defendant's Motion to Set Aside Order of Default.

3. In her Response, Plaintiff raises new and meritless arguments that necessitate a response by Defendant, including her misconstruing the law and burden of proof under the Americans with Disabilities Act and Illinois Human Rights Act.

4. Accordingly, because the Court's Order of Default effectively finds Defendant liable without allowing it an opportunity to litigate the merits, and because Defendant has and herein makes the required "good cause" showing under Fed. R. Civ. P. 55(c) and because fully informing this Court of the relevant law and facts is in the interest of justice and fairness, this clarifying reply should be permitted to be filed *instanter*.

WHEREFORE, Defendant, R.R. Donnelley and Sons Company, respectfully requests this Court grant them leave to file *instanter* the attached Reply Brief in Support of Its Motion to Set Aside Order of Default.

R.R. DONNELLEY & SONS COMPANY

By: /s/ Richard H. Schnadig
One of Its Attorneys

Richard H. Schnadig, Bar No. 02495384
Joseph K. Mulherin, Bar No. 06278092
Vedder Price P.C.
222 North LaSalle Street
Suite 2600
Chicago, IL 60601-1003
(312) 609-7500
Dated: May 22, 2008

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing DEFENDANT'S MOTION FOR LEAVE TO FILE *INSTANTER* A REPLY BRIEF IN SUPPORT OF ITS MOTION TO SET ASIDE ORDER OF DEFAULT was electronically filed and served on:

Richard M. Manzella
Law Office of Richard M. Manzella
117 North Center Street
Bloomington, Illinois 61701

by depositing a copy of same in the U.S. mail, first-class postage prepaid, at 222 North LaSalle Street, Suite 2600, Chicago, Illinois 60601-1003 by 5:00 p.m. on May 22, 2008.

s/ Richard H. Schnadig
Richard H. Schnadig

ATTACHMENT

TO

DEFENDANT'S MOTION FOR LEAVE TO FILE *INSTANTER* A REPLY BRIEF IN SUPPORT OF ITS MOTION TO SET ASIDE ORDER OF DEFAULT

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| BETTY PETROPOUL,<br><br>Plaintiff,<br><br>v.<br><br>R.R. DONNELLEY & SONS COMPANY,<br><br>Defendant. | No. 07-CV-1314 |

### DEFENDANT'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO SET ASIDE ORDER OF DEFAULT

A.  Introduction

   1.   On May 7, 2008, Defendant filed its Motion to Set Aside Order of Default entered by the Court on April 25, 2008 and a supporting legal memorandum.

   2.   Following briefing by both parties, it is undisputed that this Complaint was not served on Defendant's registered agent or its law department or its outside counsel, but on a Human Resources manager at one of Defendant's many United States facilities. Defendant's legal department never received the Complaint or any legal paper relating to this case until May 2, 2008, with, and 7 days after the Order of Default was entered. Neither Defendant, its registered agent nor outside counsel was ever served with Plaintiff's Motion for Default Judgment Pursuant to Fed. R. Civ. P. 55 ("Motion") even though Plaintiff's counsel knew the address of the registered agent and had previously dealt with both the Company and its counsel in a previous matter.

   3.   Accordingly, the only question to be resolved is whether Defendant is entitled to set aside the order of default under the three-part test adopted by the Seventh Circuit and this Court. *Pretzel & Stouffer v. Imperial Adjusters, Inc.*, 28 F.3d 42, 45 (7th Cir. 1994).

CHICAGO/#1787661.3

4.  At the outset, Plaintiff erroneously asserts that the Seventh Circuit "no longer follows the doctrine disfavoring defaults." (Pl. Mem. 4 citing *Matter of State Exch. Fin. Co.*, 896 F.2d 1104, 1106 (7th Cir. 1990)). But, as Plaintiff acknowledges immediately afterward (Pl. Mem. 4-5), recent decisions in this Circuit demonstrate that Rule 55(c)'s "good cause" standard for setting aside a default order is still a viable and liberal one. *Hamilton v. Ill. Central R. Co.*, No. 07-0383-DRH, 2008 WL 78784, at *3 (Jan. 7, 2008) (S.D. Ill. Jan. 7, 2008) (distinguishing *Matter of State Exch. Fin. Co.*, 896 F.2d at 1106 and stating "in the absence of a showing of willfulness, courts in the Seventh Circuit are more likely than not to set aside a default or even vacate a default judgment"); *Sims v. EGA Products, Inc.*, 475 F.3d 865, 868 (7th Cir. 2007) *citing Redfield v. Continental Casualty Corp.*, 818 F.2d 596, 601 (7th Cir. 1987) ("Another way to see this is that Rule 55(c) uses the 'good cause' standard for relief before judgment has been entered, while referring to the standard under Rule 60(b) for relief after judgment. Rule 60(b) allows relief on account of mistake and inadvertence in addition to excusable neglect; the 'good cause' standard in Rule 55(c) must be easier to satisfy.").

5.  Defendant has satisfied the liberal three-pronged test for setting aside the Court's order of default under Fed. R. Civ. P. 55(c), which applies here.

B.  <u>Argument</u>

6.  In the first place, undisputed facts establish that Defendant had "good cause" for failing to answer the Complaint. Its legal department never became aware of the Complaint until months after its filing despite having in place at facilities throughout the Company detailed procedures to ensure that such a circumstance would not occur. (Def. Mem. 1-3; Ex. 1 to Gulo Affidavit.) Plaintiff's critique of Defendant's inaction (Pl. Mem. 5-7) fails to take into account the fact, of which this Court may take judicial notice, that in a Corporation of this size mistakes involving the transmission of complaints, legal and other documents are bound to occur even

with detailed protocols in place that are aimed at avoiding them. This is exactly what happened here, and district courts in this Circuit have recognized that precisely such non-willful mistakes constitute "good cause" as a matter of law. *Hamilton*, 2008 WL 78784, at *5 (defendant's employee's mistake in faxing complaint to wrong number rather than outside counsel's was "good cause" for the default where it was the result of "inadvertence, misunderstanding and miscommunication"); *see also Knight v. Shah*, No. 07-cv-127-DRH, 2008 WL 320529, at *2 (S.D. Ill. Feb. 4, 2008) (defendant state employees' ignorance of procedural steps necessary to obtain representation from Attorney General justified setting aside order of default); *Passarella v. Hilton Int'l Co.*, 810 F.2d 674, 676 (7th Cir. 1987) (vacating default judgment where the defendant's general counsel mistakenly assumed that Hilton's insurance liability carrier had received the complaint forwarded to it via U.S. mail). Tellingly, Plaintiff fails to distinguish the *Hamilton* or *Knight* cases cited by Defendant. (Def. Mem. 3). In short, Defendant has met its burden to show "good cause."

7. Plaintiff concedes that Defendant has satisfied the second prong of the Rule 55(c) by taking "quick action" to correct the default. (Pl. Mem. 5).

8. Contrary to Plaintiff, Defendant also has demonstrated the existence of a meritorious defense, the third prong. Apparently misunderstanding the nature of ADA and Illinois Human Rights Act disability causes of action, Plaintiff mistakenly argues that, because Defendant readily admits that Plaintiff has multiple sclerosis and that condition is a medical disability, that that admission ends the inquiry under these statutes. (Pl. Mem. 8). It does not. Both laws further require that Plaintiff be able to show that she could perform the essential duties of her job with or without reasonable accommodation and that the Defendant failed to accommodate her. 42 U.S.C. § 12112(a); *Rauen v. United States Tobacco Mfg. Ltd. P'ship*, 319

- 3 -

F.3d 891, 895-96 (7th Cir. 2003); 56 ILL. ADMIN. CODE § 2500.40; *Owens v. Dep't of Human Rights*, 356 Ill.App.3d 46, 53 (Ill. App. Ct. 2005) ("The employee bears the burden of asserting the duty to accommodate" under the Illinois Human Rights Act). It is only in the full development of the law, not just the admission which Defendant makes, that is the heart of Defendant's meritorious defense. Further, and unaddressed by Plaintiff in her response, is that Defendant asserts that it had entered into "the interactive process" with Plaintiff and accommodated her by postponing her termination and extending her health and other benefits by months. (Def. Mem. 4.) On its face this is a meritorious defense to Plaintiff's allegations that "defendant was aware of her disability and charged with that knowledge failed entirely to engage in an interactive process to reasonably accommodate her." (Pl. Mem. 8; Compl. ¶¶ 21-24.)

9. Lastly, Plaintiff's assertion that she was under no obligation to serve her Motion upon Defendant or its registered agent or outside counsel is wrong. (Pl. Mem. 3-4.) Although in general service of a motion for a default is not *required* where the opposing party has not filed an appearance, nevertheless, Plaintiff's counsel should have recognized from the significance of her Motion that service should have been made on Defendant, its registered agent, corporate legal counsel or its outside counsel, about whom he was aware from a previous employment matter. *Passarella*, 810 F.2d at 677 (where the Court noted that the plaintiff should have extended "the usual professional courtesy . . . to fellow professionals [of] the bar" before the entry of default judgment).

10. Plaintiff's failure to serve the Motion on Defendant or its agents here suggests that she was circumventing normal practices to avoid a trial on the merits which, because of the nature of her disability claims, would require examination of complex statutory schemes. *C.K.S. Engineers, Inc. v. White Mountain Gypsum Co.*, 726 F.2d 1202, 1205 (7th Cir. 1984) ("This

- 4 -

circuit has a well-established policy favoring a trial on the merits over default judgment.")

11. For all these reasons, Defendant's Motion to Set Aside Order of Default should be granted.

R.R. DONNELLEY & SONS COMPANY

By: s/ Richard H. Schnadig
One of Its Attorneys

Richard H. Schnadig, Bar No. 02495384
Joseph K. Mulherin, Bar No. 06278092
Vedder Price P.C.
222 North LaSalle Street
Suite 2600
Chicago, IL 60601-1003
(312) 609-7500
Dated: May 22, 2008

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing DEFENDANT'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO SET ASIDE ORDER OF DEFAULT was electronically filed and served on:

Richard M. Manzella
Law Office of Richard M. Manzella
117 North Center Street
Bloomington, Illinois 61701

by depositing a copy of same in the U.S. mail, first-class postage prepaid, at 222 North LaSalle Street, Suite 2600, Chicago, Illinois 60601-1003 by 5:00 p.m. on May 22, 2008.

s/ Richard H. Schnadig
Richard H. Schnadig

CHICAGO/#1787661.3