## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | | |
|---|---|---|
| BETTY PETROPOUL, | ) | |
| | ) | |
| Plaintiff, | ) | No. 07-1314 |
| | ) | |
| v. | ) | |
| | ) | |
| R.R. DONNELLEY & SONS, Co., | ) | |
| | ) | |
| Defendant. | ) | |

### **O R D E R**

Before the Court is a Motion to Set Aside Default filed by Defendant [Doc. 12] and accompanying Memorandum filed on May 7, 2008.  Plaintiff has filed a Response [Doc. 15] and Defendant has filed a Motion for Leave to File a Reply [Doc. 17].  For the following reasons, the Motion to Set Aside Default is GRANTED.

Plaintiff filed a Complaint in this Court on November 20, 2007 in which she alleged that Defendant, as her employer, discriminated against her because of a disability (she suffers from multiple sclerosis) in violation of the American's with Disabilities Act ("ADA").  A summons was issued from this Court which provided the name and address for Defendant's registered agent in the State of Illinois. Rather than serve process on the registered agent, the process server served the human resources office at one of Defendant's facilities.

According to Defendant, while procedures were in place to have any summons passed on to the general counsel's office, the human resources manager that

received the summons was recently hired and failed to properly pass the summons on in this case.

On January 31, Plaintiff moved for default judgment in this Court. This Court entered default and set a hearing on damages and ordered a copy of the default to be mailed to Defendant's registered agent. Once Defendant's received a copy of the Order of Default, they entered their appearance and filed their current Motion to Vacate the Default within five days.

In order to have an entry of default vacated, the moving party must show: (1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint. Sun v. Board of Trustees of University of Illinois, 473 F.3d 799, 810 (7th Cir. 2007). In the case at bar, Plaintiff concedes that Defendant acted quickly. However, Plaintiff argues that Defendant did not have good cause and Plaintiff does not have a meritorious defense.

To determine whether Defendant had good cause for the default, Plaintiff would like this Court to conduct an extensive 16 part factual inquiry delving into the internal processes which Defendant had in place, and whether those processes were actually followed.[1] Such an extensive factual inquiry is not needed to resolve this matter. Often, when a court declines to vacate a default, the court will note that a party has "exhibited a willful refusal to litigate the case properly." Davis v. Hutchins, 321 F.3d 641, 646 (7th Cir. 2003); Hal Commodity Cycles Mgmt. Co. v.

---

[1] Plaintiff, for her part, never explains why she elected to serve the human resources department instead of the Defendant's registered agent. PaineWebber, Inc. v. Can Am Financial Group, Ltd., 121 F.R.D. 324, 334-35 (N.D. Ill. 1988) (declining to impose certain sanctions upon a defendant because a plaintiff chose the unusual tactic of serving corporate officers instead of a defendant's registered agent).

2

Kirsh, 825 F.2d 1136, 1138 (7th Cir.1987).  There is no evidence or reasonable allegation that Defendant has shown such willful neglect in this case.  Furthermore, a showing of "excusable neglect" can establish good cause for the default.  Robb v. Norfolk & Western R.R. Co., 122 F.3d 354, 359 (7th Cir.1997).  In this case, Defendant has presented a good faith basis for their failure to answer by showing that a reasonable basis for their excusable neglect.

Plaintiff also argues that Defendant has not presented a meritorious defense.  A "meritorious defense" is not necessarily a winning one.  Jones v. Phipps, 39 F.3d 158, 165 (7th Cir.1994).  At this stage and under these circumstances, a defendant must simply present good law which could provide a factfinder with a basis for a defense.  Bieganek v. Taylor, 801 F.2d 879, 882 (7th Cir. 1986).

In this case, Defendant states that discovery will reveal that Plaintiff will not be able to show that she could perform the essential duties of her job with reasonable accommodation by the Defendant.  This is a requirement under the ADA which a factfinder could find is a viable defense.  42 U.S.C. § 12112(a); Rauen v. United States Tobacco Mfg. Ltd. P'ship, 319 F.3d 891 (7th Cir. 2003).  Accordingly, Defendant has made all the showing necessary at this time to vacate the default.

IT IS THEREFORE ORDERED that Defendant's Motion to Vacate the Default is GRANTED. Plaintiff's Motion for Default Judgment is DENIED. Defendant's Motion to File a Reply is MOOT. Defendant is to file an Answer or otherwise plead within twenty days of the date of this Order.

ENTERED this  23rd  day of May, 2008.

s/ Joe Billy McDade
Joe Billy McDade
United States District Judge
