E-FILED
Friday, 23 May, 2008  05:01:33 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| BETTY PETROPOUL, | ) Case No.: 07-CV-1314 |
| PLAINTIFF, | ) |
| v. | ) Civil Action |
| R.R. DONNELLEY & SONS COMPANY, | ) <u>JURY TRIAL DEMANDED</u> |
| DEFENDANT. | ) |

### RESPONSE TO DEFENDANT'S MOTION TO FILE REPLY

By and through her attorney of record, BETTY PETROPOUL, plaintiff, moves this Court for an Order denying defendant's motion to file a motion in reply to plaintiff's response to defendant's motion to vacate the Order of Default against defendant, R.R. DONNELLEY & SONS COMPANY, and in support of such request for a denial of defendant's motion states as follows:

1. On May 22, 2008, Defendant filed its Motion for Leave to File *Instanter* A Reply Brief In Support Of Its Motion to Set Aside Order of Default Plaintiff's Complaint.

2. As Defendant is likely aware Local Rule 7.1(B)(3) does not permit the filing a reply brief.  Specifically, the local rule states "No reply to the response is permitted." Local Rule 7.1(B)(3).

3. District courts have discretion to enforce their local rules (and to excuse transgressions). *Little v. Cox's Supermarkets*, 71 F.3d 637, 641 (7th Cir.1995)

4. The rule against the filing of a reply brief is explicit and presumably was enacted for the Court to effectively manage its own docket.  Further, even in the discretionary enforcement of its own rules, defendant offers no compelling reason for allowing such a departure from the ordinary practice in the Central District of Illinois.  For example, this Court is well-equipped to determine whether or not plaintiff misstates the law regarding her legal theory of failure to accommodate in her complaint and whether or not defendant's <u>purported</u> "accommodations" reflect a meritorious defense to her ADA and IHRA disability complaint.

5. Defendant's argument that this Court should take judicial notice that companies the size of defendant make mistakes is inappropriate.  Further, such request – without more - reflects defendant's continued unwillingness to sufficiency provide to the Court required material and admissible facts that arguably could explain the nature of the mistake to allow this Court to find "good cause" as per the previously-described standard of Fed. R. Civ. P. 55.

   **WHEREFORE**, for all of the foregoing reasons, plaintiff requests that this Court deny defendant's motion to file a reply memorandum in support of its motion to vacate the default judgment for plaintiff.

   Dated this 23rd day of May, 2008,

- 3 -

                                                s/ Richard M. Manzella
                                                  Richard M. Manzella
                                                  Attorney # 6257568

                                                  Law Office of Richard M. Manzella
                                                  117 North Center Street
                                                  Bloomington, Illinois  61701
                                                  Phone (309) 829-7424
                                                  Fax    (815) 366-4800