IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

BETTY PETROPOUL,

    Plaintiff,

v.

R.R. DONNELLEY & SONS COMPANY,

    Defendant.

No. 07-cv-1314

Judge McDade

Magistrate Gorman

## ANSWER TO COMPLAINT

Defendant, R.R. Donnelley & Sons Company ("Donnelley"), by its attorneys, answers the Complaint of Plaintiff, Betty Petropoul, as follows:

## COMPLAINT

### ALLEGATION NO. 1:

Plaintiff, BETTY PETROPOUL ("Ms. Petropoul"), by and through her attorney, Richard M. Manzella, complains of and alleges a cause of action as follows:

### ANSWER:

Defendant admits that Plaintiff, by and through her attorney, Richard Manzella, filed a Complaint against Defendant, but denies the remaining allegations and that Plaintiff is entitled to any relief.

## NATURE OF THE ACTION

### ALLEGATION NO. 2:

This action is brought on behalf of the Plaintiff regarding disability discrimination under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, et seq., and the Illinois Human Rights Act ("IHRA"), 775 ILCS 5/2-101 et seq.

**ANSWER:**

Defendant admits that Plaintiff brings an action for disability discrimination under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.*, and the Illinois Human Rights Act ("IHRA"), 775 ILCS 5/1-101 *et seq.*, but denies that Plaintiff is entitled to any relief thereunder and denies any violation of applicable law. Further answering, Defendant has contemporaneously moved to dismiss Plaintiff's IHRA claim in Count III because this Court lacks jurisdiction over it and Plaintiff failed to state a claim upon which relief can be granted.

## JURISDICTION AND VENUE

**ALLEGATION NO. 3:**

Jurisdiction lies in this Court pursuant to 28 U.S.C. § 1343(a)(3) and (4) and 28 U.S.C. § 1331 and supplemental subject matter jurisdiction under 28 U.S.C. § 1367.

**ANSWER:**

Defendant admits that this Court has jurisdiction over Plaintiff's ADA claims in Counts I and II, but denies that the Court has jurisdiction over Plaintiff's IHRA claims in Count III. *See* Defendant's Motion to Dismiss Count III.

## VENUE

**ALLEGATION NO. 4:**

Venue is proper in this district because the Defendant is located in this district and Plaintiff is a resident of this district and the acts complained of herein arose within this judicial district.

**ANSWER:**

Defendant admits that venue is proper in this district, but denies that it has engaged in any unlawful activities and that Plaintiff is entitled to any relief.

## PROCEDURAL REQUIREMENTS

**ALLEGATION NO. 5:**

Plaintiff filed a timely Charge of Discrimination against Defendant with the Illinois Department of Human Rights and cross-filed the respective Charges with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff received a Right to Sue letter from the Equal Employment Opportunity Commission on August 22, 2007.

**ANSWER:**

Defendant admits that Plaintiff timely filed a charge of discrimination against Defendant with the Illinois Department of Human Rights and that the charge was cross-filed with the EEOC. Defendant is without knowledge or information sufficient to form a belief as to when Plaintiff received her Right to Sue letter from the EEOC, and on that basis, denies that allegation. *See* Motion to Dismiss, Ex. 2.

**ALLEGATION NO. 6:**

All conditions precedent to the filing of suit have been performed or have occurred.

**ANSWER:**

Defendant denies.

## PARTIES

**ALLEGATION NO. 7:**

Plaintiff is a resident of Odell, Illinois, located in Livingston County.

**ANSWER:**

On information and belief, Defendant admits.

**ALLEGATION NO. 8:**

Plaintiff was employed at Defendant's location in Pontiac, Illinois at the time her cause of action accrued.

**ANSWER:**

Defendant admits that Plaintiff was employed at Defendant's location in Pontiac, Illinois, but denies the remaining allegations.

**ALLEGATION NO. 9:**

Plaintiff's employment was terminated by Defendant on or about April 19, 2004, pursuant to the policy of defendant "to terminate a person's employment when a period of continued absence due to illness, injury, or plant accident exceeds the employee's length of service with the company or one year, whichever is less." **Exhibit A.**

**ANSWER:**

Defendant admits.

**ALLEGATION NO. 10:**

Defendant, R.R. DONNELLEY & SONS COMPANY (hereafter, "RRD"), is a worldwide commercial printing company with a plant located in Pontiac, Illinois; and RRD distributes, among other items, advertising inserts, telephone directories, financial reports, magazines, labels and textbooks.

**ANSWER:**

Defendant denies Plaintiff's characterization of its business and that it "distributes." Answering further, Defendant is a full-service provider of print and related services, including document based business process outsourcing. Defendant otherwise admits.

**ALLEGATION NO. 11:**

Defendant is a person within the meaning of 42 U.S.C. Section 2000e(a), and an employer within the meaning of 42 U.S.C. Section 2000e(b).

**ANSWER:**

Defendant admits.

**FACTUAL HISTORY**

**ALLEGATION NO. 12:**

On June 4, 1973, Plaintiff was hired by W.A. Krueger Co., which was subsequently purchased by Ringier American and then sold to RRD in 1993.

4

**ANSWER:**

Defendant admits.

**ALLEGATION NO. 13:**

Plaintiff worked as a Material Handler in RRD's Pontiac, Illinois bindery.

**ANSWER:**

Defendant admits.

**ALLEGATION NO. 14:**

Plaintiff's tasks associated with her work in the bindery required her to regularly load, stack and unload paper.

**ANSWER:**

Defendant admits that Plaintiff's work included the above tasks.

**ALLEGATION NO. 15:**

On or about June 27, 2002, Plaintiff notified Defendant's Human Resources Coordinator that she was unable to work for a period of thirty days as a result of the effects of her medical condition of multiple sclerosis ("MS").

**ANSWER:**

Defendant admits.

**ALLEGATION NO. 16:**

Plaintiff then presented other work slips to RRD detailing her inability to work as a result of her MS through July 31, 2003.

**ANSWER:**

Defendant admits.

**ALLEGATION NO. 17:**

RRD then notified Plaintiff that pursuant to the employer's policy described herein in paragraph nine (9) that Plaintiff's employment would end on July 29, 2003.

**ANSWER:**

Defendant denies, and states that it notified Plaintiff in writing on May 27, 2003 that her

employment would end on June 29, 2003.

**ALLEGATION NO. 18:**

Discussions between Plaintiff and RRD ensued shortly thereafter and on July 31, 2003, Plaintiff presented a medical work slip to RRD indicating that she could return to work but could not lift over twenty pounds.

**ANSWER:**

Defendant admits, but lacks knowledge and information sufficient to form a belief as to what Plaintiff means by "shortly thereafter" and therefore denies that allegation.

**ALLEGATION NO. 19:**

On or about November 11, 2003, Plaintiff presented a medical work slip to RRD describing restrictions related to her ability to bend, sit, stand and perform elevated work.

**ANSWER:**

Defendant denies but further answering states that Plaintiff submitted such a medical slip on August 11, 2003.

**ALLEGATION NO. 20:**

Beginning from the time Plaintiff first requested time off from work as a result of her MS in 2002 and continuing until her discharge from employment, one or more open and/or available position(s) existed within the Pontiac, Illinois location of RRD or within other work sites of RRD that Plaintiff was qualified to perform with or without an accommodation.

**ANSWER:**

Defendant denies.

**ALLEGATION NO. 21:**

RRD failed to engaged [sic] in an interactive process with Plaintiff to discuss potential means by which RRD might reasonably accommodate Plaintiff's disability throughout the time period described in paragraph twenty (20) by, among other failures and/or omissions, failing to directly notify Plaintiff of open and/or available positions that she could perform with or without an accommodation and failing to provide a reasonable means by which Plaintiff could learn of these open and/or available positions.

**ANSWER:**

Defendant denies.

6

## ALLEGATION NO. 22:

Plaintiff did not have reasonable independent means to learn of the open and/or available positions that she was qualified to perform with or without an accommodation during the period described in paragraph twenty (20) above.

## ANSWER:

Defendant denies.

## ALLEGATION NO. 23:

Plaintiff would have applied for and been qualified to perform the duties of one or more open and available positions had RRD notified Plaintiff of these positions and/or provided a reasonable means by which Plaintiff could learn of these positions.

## ANSWER:

Defendant denies.

## ALLEGATION NO. 24:

But for RRD's failure to engage in the interactive process to discuss means by which RRD could reasonably accommodate Plaintiff's disability (handicap), Plaintiff would have returned to work within the one year period as mandated by the Employer's policy as described in paragraph nine (9) and further detailed within Exhibit B.

## ANSWER:

Defendant denies.

## COMPLAINT AND DEMAND FOR JURY TRIAL

*Count 1: Americans with Disabilities Act –*
*Failure to accommodate under 42 U.S.C. § 12112(b)(5)(A)*

## ALLEGATION NO. 25:

Plaintiff repeats each of the above paragraphs as if each had been separately alleged within paragraph 25 and incorporates said allegations into Count 1.

## ANSWER:

Defendant restates and incorporates its answers to paragraphs 1 through 24 of the Complaint as its answer to paragraph No. 25.

7

**ALLEGATION NO. 26:**

Defendant RRD has discriminated against Ms. Petropoul, a disabled person, on account of and/or by reason of her disability, multiple sclerosis (hereafter, "MS") in violation of 42 U.S.C. § 12101, et seq., because during all relevant times:

a)  Plaintiff was disabled under the statute;

b)  Plaintiff was qualified to perform the essential functions of one or more positions with or without an accommodation that became open prior to her discharge from employment by Defendant;

c)  Plaintiff suffered an adverse employment action because of her disability when Defendant failed to engage in collaborate discussions with Plaintiff related to reasonable accommodations and subsequently terminated Ms. Petropoul.

**ANSWER:**

Defendant denies.

**ALLEGATION NO. 27:**

RRD discriminated against Plaintiff among other ways, by developing, maintaining and implementing a policy or practice referenced in Exhibit A attached and further described herein in paragraph nine (9) that served to discriminate against individuals with disabilities, including Ms. Petropoul.

**ANSWER:**

Defendant denies.

*Count 2: Americans with Disabilities Act – disparate treatment*

**ALLEGATION NO. 28:**

Plaintiff repeats paragraphs 1 – 24 as if each had been separately alleged within paragraph 28 and incorporates said allegations into Count 2.

**ANSWER:**

Defendant restates and incorporates its answers to paragraphs 1 through 24 of the Complaint as its answer to paragraph No. 28.

**ALLEGATION NO. 29:**

Defendant RRD has discriminated against Ms. Petropoul, a disabled person, on account

8

of and/or by reason of her disability, multiple sclerosis (hereafter, "MS") in violation of 42 U.S.C. § 12101, et seq., because during all relevant times:

    a)    Plaintiff was disabled under the statute;

    b)    Plaintiff was qualified to perform the essential functions of one or more positions with or without an accommodation that became open prior to her discharge from employment by Defendant;

    c)    Plaintiff suffered an adverse employment action because of her disability when Defendant treated non-disabled individuals more preferentially as it pertained to its policy or practice referenced in Exhibit A attached and further described herein in paragraph nine (9) as implemented such policy that served to discriminate against individuals with disabilities, including Ms. Petropoul.

**ANSWER:**

Defendant denies.

*Count 3: Illinois Human Rights– failure to accommodate*

**Defendant is contemporaneously filing a Motion to Dismiss Count III. Consequently, no answer to Paragraphs 30-32 is required. To the extent an answer is required, Defendant denies the allegations in those paragraphs.**

## JURY DEMAND

**ALLEGATION NO. 12 [SIC]:**

The Plaintiff hereby demands a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. Section 1981a.

**ANSWER:**

Plaintiff's demand for a jury trial contain no factual assertions to which a response is required.

## ADDITIONAL DEFENSES

1. Plaintiff's claims for monetary relief are barred to the extent she has failed to mitigate her damages.

2. Plaintiff's claims are barred to the extent she has failed to state a claim upon which relief may be granted.

3. Plaintiff's claims are barred to the extent this Court lacks original or supplemental jurisdiction over her IHRA claims.

4. Plaintiff is not entitled to damages because Defendant made good faith efforts, in consultation with Plaintiff, to identify and offer reasonable accommodation for Plaintiff's alleged health condition.

5. Plaintiff's claims are barred to the extent she was unable to perform the essential functions of her position, even with a reasonable accommodation.

6. Plaintiff is not a qualified individual with a disability within the meaning of the ADA.

7. Even if Plaintiff was a qualified individual with a disability or handicap, Plaintiff cannot perform the essential functions of her job without posing a direct threat to the safety of herself and/or others.

8. Defendant is unable to accommodate Plaintiff's alleged disability or handicap without undue hardship on the conduct of Defendant's business.

9. Plaintiff's claims are barred by the exclusive remedies of the IHRA.

10. Plaintiff's claims are barred to the extent they are time-barred by the applicable statutes of limitations.

>Respectfully submitted,
>
>R.R. DONNELLEY & SONS COMPANY,
>
>By: /s/ Richard H. Schnadig
>　　　　One of Its Attorneys

Richard H. Schnadig, Bar No. 02495384
Joseph K. Mulherin, Bar No. 06278092
Vedder Price P.C.
222 North LaSalle Street
Suite 2600
Chicago, IL 60601-1003
(312) 609-7500
Dated: June 12, 2008

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing ANSWER TO COMPLAINT was electronically filed and served on

> Richard M. Manzella
> Law Office of Richard M. Manzella
> 117 North Center Street
> Bloomington, Illinois 61701

by depositing the same in the U.S. mail, first-class postage prepaid, at 222 North LaSalle Street, Chicago, Illinois 60601-1003 by 5:00 p.m. on June 12, 2008.

/s/ Richard H. Schnadig