UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| BETTY PETROPOUL,<br><br>    Plaintiff,<br><br>v.<br><br>R.R. DONNELLEY & SONS COMPANY,<br><br>    Defendants. | No. 07-CV-1314<br><br>Judge McDade<br><br>Magistrate Judge Gorman |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS
MOTION TO DISMISS COUNT III OF PLAINTIFF'S COMPLAINT**

Defendant, R.R. Donnelley & Sons Company ("Donnelley" or "the Company"), by its attorneys, moves pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6) to dismiss Count III of Plaintiff's Complaint. Its Answer is filed contemporaneously herewith.

I.      **INTRODUCTION**

    A.      **History of Charge**

On January 7, 2005, Plaintiff filed a charge of discrimination with the Illinois Department of Human Rights ("IDHR"). (Ex. 1). It alleged only that Donnelley discriminated against her "because of a disability, in violation of the Americans with Disabilities Act of 1990." (Ex. 1). The charge makes no allegations that Donnelley violated the Illinois Human Rights Act ("IHRA"). (Ex. 1). The charge was evidently cross-filed with the EEOC. (Compl. ¶ 5). On August 20, 2007, the EEOC issued to Plaintiff a Notice of Right to Sue (Ex. 2), which Plaintiff alleges she received on August 22, 2007. (Compl. ¶ 5).

CHICAGO/#1798851.5

B.     **Plaintiff's Complaint**

On November 20, 2007, Plaintiff timely filed her three-count Complaint. Count I alleges violations of the ADA by Donnelley's failure to engage in the interactive process to find a reasonable accommodation for her alleged disability and by maintaining a policy "to terminate a person's employment when a period of continued absence due to illness, injury, or plant accident exceeds the employee's length of service with the company or one year, whichever is less." (Compl. ¶¶ 9, 21, 26-27.) Count II, also brought under the ADA, alleges that Donnelley violated the ADA by terminating Plaintiff because of her disability and treating non-disabled individuals more favorably with regard to the above policy. (Compl. ¶¶ 9, 29.)

Count III repeats the allegations in Count I, but claims a violation of the Illinois Human Rights Act ("IHRA"), 775 ILCS § 5/1-101 *et seq.* (Compl. ¶¶ 31-32.) Count III should be dismissed with prejudice because this Court does not have subject matter jurisdiction over Plaintiff's IHRA claims which are exclusive to the agency established by that law and its processes. Count III should also be dismissed because, even if Plaintiff could bring IHRA claims in this Court, she failed to state a claim upon which relief could be granted under the IHRA.

II.    **ARGUMENT**

A.     **Standard For Motion to Dismiss**

Federal Rule of Civil Procedure 12(b)(1) requires a court to dismiss an action when it lacks subject matter jurisdiction. *United Phosphorus, Ltd. v. Angus Chemical Co.*, 322 F.3d 942, 946 (7th Cir. 2003). Federal Rule of Civil Procedure 12(b)(6) allows for dismissal of a complaint or part thereof for failure to state a claim if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Moranski v. General*

2

*Motors Corp.*, 433 F.3d 537, 539 (7th Cir. 2005) (citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)). Under these standards, Count III must be dismissed.

### B. Count III Must Be Dismissed Because This Court Lacks Jurisdiction Over Its Claims

The Illinois Human Rights Commission ("IHRC") is the exclusive forum for adjudicating claims brought under the IHRA. *Talley v. Washington Inventory Serv.*, 37 F.3d 310, 311 (7th Cir. 1994) (emphasis added, citations omitted); *Steele v. APL Logistics*, No. 07 C 6440, 2008 WL 268705, at *2 (N.D. Ill. Jan. 28, 2008). The IHRA specifically provides that "no court of this state shall have jurisdiction over the subject matter of an alleged civil rights violation other than set forth in the Act." 775 ILCS § 5/8-111(C). Judicial involvement is permitted under the IHRA only for: (1) the Illinois Appellate Court to review a final IDHR or IHRC order; or (2) the Illinois circuit courts to enforce an IHRC order. 775 ILCS § 5/8-111(A)-(B) (2007). Therefore, under no circumstances do federal courts have jurisdiction to hear an independent cause of action for an alleged IHRA violation, which is what exactly Plaintiff is asking this Court to do in Count III.[1] *Id*; *Thomas v. L'Eggs Prods., Inc.*, 13 F. Supp. 2d 806, 808 (C.D. Ill. 1998) ("if an Illinois state court lacks jurisdiction to hear [an IHRA] claim, so does a federal court sitting in Illinois") (citations omitted).

Count III must therefore be dismissed because this Court does not have subject matter jurisdiction over Plaintiff's IHRA claims.

---

[1] The 2007 amendments to the IHRA permitting a plaintiff to bypass the IHRC and file discrimination claims in state court only apply to charges filed on or after January 1, 2008. Ill. Pub. Act 95-0243 *amending* 775 ILCS §§ 5/7A-102(B), (J), Section 99. Plaintiff here filed her charge on January 5, 2005, and thus, the amendments do not apply here. (Ex. 1).

### C. Count III Must Be Dismissed Because Plaintiff Fails To State A Claim Under the IHRA

Even if Plaintiff could bring her IHRA claims in this Court, which she cannot, Count III must be dismissed because Plaintiff failed to allege in her IDHR charge (Ex. 1) that Donnelley violated the IHRA or, more specifically, that Donnelley discriminated against her because of her "handicap," which IHRA-specific term she alleged in her Complaint (Compl. ¶¶ 24, 31) but never in her charge. She alleges only that Donnelley discriminated against her "because of a disability, in violation of the *Americans with Disabilities Act of 1990*." (Ex. 1, emphasis supplied). Just as "a plaintiff cannot bring claims under Title VII or the ADA that were not originally included in the charges made to the EEOC" (*Butler v. Illinois Dep't of Transp.*, 533 F. Supp. 2d 821, 824 (N.D. Ill. Feb. 7, 2008)), Plaintiff cannot bring IHRA claims here that she never made to the IDHR.

Plaintiff's charge therefore failed to put the IDHR or Donnelley on notice that the agency had anything to investigate or that Donnelley had anything to respond to or defend. To counsel's knowledge, no charge file was ever opened at the IDHR. Accordingly, for this additional reason, Count III should be dismissed.

### III. CONCLUSION

For the reasons stated above, Count III of Plaintiff's Complaint should be dismissed with prejudice.

WHEREFORE, Defendant R.R. Donnelley & Sons Company respectfully requests that this Court dismiss, with prejudice, Count III of Plaintiff's Complaint, and for such relief as the Court deems proper.

CHICAGO/#1798851.5

Respectfully submitted,

R.R. DONNELLEY & SONS COMPANY

By: /s/ Richard H. Schnadig
One of Its Attorneys

Richard H. Schnadig, Bar No. 02495384
Joseph K. Mulherin, Bar No. 06278092
Vedder Price P.C.
222 North LaSalle Street
Suite 2600
Chicago, IL 60601-1003
Telephone: (312) 609-7500
Facsimile: (312) 609-5005
rschnadig@vedderprice.com
jmulherin@vedderprice.com
Dated: June 12, 2008

## **CERTIFICATE OF SERVICE**

The undersigned certifies that a true and correct copy of the foregoing DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS was electronically filed and served on:

Richard M. Manzella
Law Office of Richard M. Manzella
117 North Center Street
Bloomington, Illinois 61701

by depositing a copy of same in the U.S. mail, first-class postage prepaid, at 222 North LaSalle Street, Suite 2600, Chicago, Illinois 60601-1003 by 5:00 p.m. on June 12, 2008.

/s/ Richard H. Schnadig

EXHIBIT 1

TO

**DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS
MOTION TO DISMISS COUNT III OF PLAINTIFF'S COMPLAINT**

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>210-2005-01757 |
|---|---|---|

Illinois Department Of Human Rights _____ and EEOC
*State or local Agency, if any*

| Name (Indicate Mr., Ms., Mrs.) | Home Phone No. (Incl Area Code) | Date of Birth |
|---|---|---|
| Ms. Betty Petropoul | (815) 998-2485 | 05-05-1955 |

Street Address: 205 N. Wolf Street Odell, IL 60460

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| R.R. DONNELLEY & SONS COMPANY | 500 or More | (815) 844-1732 |

Street Address: 1600 North Main Street, Pontiac, IL 61764

DISCRIMINATION BASED ON (Check appropriate box(es).)
☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☐ AGE  ☒ DISABILITY  ☐ OTHER (Specify below.)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 06-01-2002    Latest: 04-19-2004
☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I began employment with Respondent on June 4, 1973. My most recent position was Helper I. Respondent is aware of my disability. In June 2002, I took a medical leave of absence. In July 2003 I was released to return to work with medical restrictions. Upon my return, instead of granting me a reasonable accommodation, I was discharged on April 19, 2004.

I believe I have been discriminated against because of disability, in violation of the Americans with Disabilities Act of 1990.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

1/5/05    X Betty J. Petropoul
Date          Charging Party Signature

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)

**EXHIBIT 2**

**TO**

**DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS
MOTION TO DISMISS COUNT III OF PLAINTIFF'S COMPLAINT**

EEOC Form 161-B (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Betty Petropoul<br>205 N. Wolf Street<br>Odell, IL 60460 | From: | Chicago District Office<br>500 West Madison St<br>Suite 2800<br>Chicago, IL 60661 |
|---|---|---|---|

CERTIFIED MAIL 7099 3400 0018 8816 1333

[ ] On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 210-2005-01757 | Kathleen Leaver,<br>Investigator | (312) 353-8766 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice;** or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[ ] The EEOC is terminating its processing of this charge.

[X] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*John P. Rowe* (signature)    8/20/07
John P. Rowe,    (Date Mailed)
District Director

Enclosures(s)

cc:    R.R. DONNELLEY & SONS CO

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>210-2005-01757 |
|---|---|---|

Illinois Department Of Human Rights _____ and EEOC
*State or local Agency, if any*

| Name *(Indicate Mr., Ms., Mrs.)* | Home Phone No. *(Incl Area Code)* | Date of Birth |
|---|---|---|
| Ms. Betty Petropoul | (815) 998-2485 | 05-05-1955 |

| Street Address | City, State and ZIP Code |
|---|---|
| 205 N. Wolf Street Odell, IL 60460 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| R.R. DONNELLEY & SONS COMPANY | 500 or More | (815) 844-1732 |

| Street Address | City, State and ZIP Code |
|---|---|
| 1600 North Main Street, Pontiac, IL 61764 | |

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☐ AGE  ☒ DISABILITY  ☐ OTHER *(Specify below.)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 06-01-2002    Latest: 04-19-2004

☒ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s))*:

I began employment with Respondent on June 4, 1973. My most recent position was Helper I. Respondent is aware of my disability. In June 2002, I took a medical leave of absence. In July 2003 I was released to return to work with medical restrictions. Upon my return, instead of granting me a reasonable accommodation, I was discharged on April 19, 2004.

I believe I have been discriminated against because of disability, in violation of the Americans with Disabilities Act of 1990.

-7 2005

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| 1/5/05     X Betty J. Petropoul<br>Date         Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>*(month, day, year)* |



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Chicago District Office**

500 West Madison Street, Suite 2800
Chicago, IL 60661
(312) 353-2713
TTY (312) 353-2421
FAX (312) 353-4041

# NOTICE OF DISCLOSURE RIGHTS

Parties to an EEOC charge are entitled to review and obtain copies of documents contained in their investigative file. Requests must be made in writing to **Sarita Gaddis** and mailed to the address above or faxed to **(312) 353-4041.**

If you are the Charging Party and a RIGHT TO SUE has been issued, you may be granted access to your file:

* <u>Before filing a lawsuit,</u> but within 90 days of your receipt of the Right to Sue, or

* <u>After your lawsuit has been filed.</u> If more than 90 days have elapsed since your receipt of the Right to Sue, include with your request a copy of the first page of your court complaint that shows the court docket number.

If you are the Respondent you may be granted access to the file <u>only after</u> a lawsuit has been filed. Include with your request a copy of the first page of the court complaint that includes an official court stamped docket number.

Pursuant to federal statutes, certain documents, such as those which reflect the agency's deliberative process, will not be disclosed to either party.

You must sign an Agreement of Nondisclosure before you are granted access to the file.(Statutes enforced by the EEOC prohibit the agency from making investigative information public.)

Your request for access to the file will be acted upon no later than ten (10) days following receipt of your request.

When the file becomes available for review, you will be contacted. You may review the file in our offices and/or request that a copy of the file be sent to you. Files may not be removed from the office.

Your file will be copied by Aloha Document Services, 55 East Jackson Blvd., Suite 310, Chicago, IL 60604, (312) 542-1300. You are responsible for the copying costs and must sign an agreement to pay these costs before the file will be sent to the copy service. Therefore, <u>it is recommended that you first review your file</u> to determine what documents, if any, you want copied. EEOC will not review your file or provide a count of the pages contained in it. If you choose not to review your file, it will be sent <u>in its entirety</u> to the copy service, <u>and you will be responsible for the cost.</u> Payment must be made directly to Aloha Document Services.

(revised 04.07)