E-FILED
Wednesday, 02 July, 2008  11:58:51 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| BETTY PETROPOUL, <br><br> PLAINTIFF, <br><br> v. <br><br> R.R. DONNELLEY & SONS COMPANY, <br><br> DEFENDANT. | Case No.: 07-CV-1314 <br><br> Civil Action |

### RESPONSE TO DEFENDANT'S MOTION TO DISMISS COUNT III OF PLAINTIFF'S COMPLAINT

By and through her attorney of record, BETTY PETROPOUL, Plaintiff, responds to Defendant's Motion to Dismiss Count III of Plaintiff's Complaint as follows:

1. Plaintiff's complaint noticing a cause of action under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, et seq., and the Illinois Human Rights Act ("IHRA"), 775 ILCS 5/2-101 et seq. was properly served on defendant on January 9, 2008. (Ex. 1; Pl.'s Mot. for Default)

2. Defendant failed to timely appear or otherwise plead subsequent to service of a complaint and summons.

3. On January 31, 2008, plaintiff moved for an Order of Default pursuant to Fed. R. Civ. P. 55.

4. On April 25, 2008, the Court granted plaintiff's motion and set a hearing for the prove up of damages on May 28, 2008, with further instructions for plaintiff to serve the registered agent for defendant by May 2, 2008.

5. Plaintiff served the registered agent of defendant and received the courier's proof of defendant's receipt of the Default Order on April 30, 2008.

6. Defendant then filed a motion to set aside the Order of Default on May 7, 2008, pursuant to Fed. R. Civ. P. 55(c).

7. On May 23, 2008, this Court granted defendant's motion to vacate the Order of Default and on June 12, 2008, defendant filed its answer to the complaint and also filed a motion to dismiss count III of the complaint regarding an action under the Illinois Human Rights Act (failure to accommodate).

8. Plaintiff has limited financial resources and must, of course, weigh the benefit of her counsel's efforts and expenditures involved in a substantive response to defendant's motion against both the relative chance of plaintiff's success of defending the motion and the benefit (and resulting harm, if any) should defendant's motion be denied (or granted).  Believing that the principal cause of action of disability discrimination as plead in Counts I and II (respectively: ADA – failure to accommodate; ADA – disparate treatment) preserves plaintiff's rights and also affords her certain remedies not available under the Human Rights Act cause of action, plaintiff does not object to defendant's motion to dismiss Count III and asks that this Court strike only this portion of plaintiff's

complaint further and specifically allowing Counts I and II of the complaint to survive as plead with their respective prayers for relief.

**WHEREFORE**, for all of the foregoing reasons, Plaintiff requests that this Court enter an Order of striking only Count III of Plaintiff's complaint, denying any other relief sought by defendant.

    Dated this 2nd day of July, 2008,

    s/ Richard M. Manzella
    Richard M. Manzella
    Attorney # 6257568

    Law Office of Richard M. Manzella
    117 North Center Street
    Bloomington, Illinois  61701
    Phone (309) 829-7424
    Fax    (815) 366-4800